RIGSBY *v.* RURALDALE CONSOLIDATED SCHOOL DISTRICT No. 64.

Opinion delivered October 14, 1929.

*Houston Emory* and *B. H. Randolph,* for appellant.

*C. T. Cotham,* for appellee.

HUMPHREYS, J. This suit was brought by appellant in the chancery court of Garland County, for the benefit of himself and others, to enjoin appellees from constructing a school building upon the site purchased by the directors of Ruraldale Consolidated District No. 64, for the alleged reasons:

(1) That the bonds authorized to be issued to raise a fund to make said improvements were sold below par, contrary to § 8984 of Crawford & Moses' Digest; and, (2) that the directors and officers of the district were about to proceed to build the school building upon a site in said consolidated district not first authorized by an election held in accordance with law.

A number of defenses were interposed, but it will only be necessary, in our view of the case, to set out the defense of *res judicata* interposed by appellees, which is as follows:

"Further answering, these defendants state that this is the second suit in this court for the purpose of enjoining the issuance of said bonds, and the selection of said school site, and the building of a schoolhouse for said district on said school site. That on the 9th day of January, 1929, in a certain cause pending in this court, numbered 9740 on the chancery docket, wherein R. M. Johnson was plaintiff, and the directors of Ruraldale Consolidated School District No. 64 *et al.* were defendants, this court rendered a final order or decree, finding that the site selected by the board of directors of said district is approximately in the center of the school population of said district; that said board had a right to borrow money and issue bonds for the building of said schoolhouse, and had a right and did exercise the right to select a site for

the building, having purchased the real property upon which to build the same. These defendants therefore state that the matters now sought to be litigated in this action by the plaintiff have already been determined by this court adverse to plaintiff, and they state the decree rendered by this court in said action, numbered 9740 on the chancery docket, and found of record in chancery record book W at page 534, is *res judicata* as to all matters involved in this suit. That, in said suit lately determined in this court, notice was given of an appeal to the Supreme Court of the State of Arkansas, and that said appeal is still pending and undetermined."

In support of the plea of *res judicata* set out above appellees introduced the pleadings and decree rendered upon them, and the evidence in the Johnson case by the Garland Chancery Court.

The trial court in the instant case dismissed appellant's complaint for the want of equity, from which is this appeal.

The action of the trial court in dismissing appellant's complaint was proper. The plea of *res judicata* and testimony introduced in support thereof justified the court's action.

Appellant contends for a reversal here because the plea of *res judicata* in no wise affected the right of appellant, C. J. Rigsby, as he was not a party to the former action. In this they are mistaken. The only authority he had to bring the suit was under § 13, article 16, of our State Constitution, which reads as follows:

"Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

C. J. Rigsby instituted the instant case under the same authority, and all citizens in the district were bound by the result of the suit brought against appellees by R. M. Johnson upon all issues presented by the pleadings and testimony in the Johnson case. 15 R. C. L., pp. 1026 and 1035.

Appellant also contends for a reversal here because the court in the former case did not pass upon the issue of whether an election had been held for the purpose of locating the site, and directing the construction of the building thereon. The complaint in the R. M. Johnson case sufficiently presented that issue, and in rendering the judgment in that case the court made the following finding and adjudication:

"The court further finds that the site selected by the board of directors is approximately in the center of the school population of said district; that said board has a right to borrow money and issue bonds for the building of said schoolhouse, and had a right and did exercise the right to select a site for the building, having purchased the real property upon which to build the same."

No error appearing, the judgment is affirmed.