LAMAN *v.* MOORE.

4-4612

Opinion delivered January 18, 1937.

*Floyd Terral,* for appellant.

*Chrisp & Nixon, Taylor Roberts, House, Moses & Holmes* and *Eugene R. Warren,* for appellees.

HUMPHREYS, J. This suit was brought in the chancery court of Pulaski county by Mrs. Emma Neighbors, a resident and taxpayer in the city of North Little Rock, against the mayor, city attorney, and alderman to prevent them from drawing certain moneys out of the city treasury in addition to their regular salaries under and by virtue of ordinances passed by the city council during their respective terms of office designated as ordinances for expense accounts, and to recover from them the amounts received in addition to their regular salaries. The ordinances were made exhibits to the complaint. Section 1 of

the ordinance relative to additional allowances to the mayor and city attorney is as follows:

"From and after the passage of this ordinance there is hereby appropriated one hundred dollars ($100.00) per month as an expense account for the mayor, in addition to his salary, and fifty dollars ($50.00) per month as an expense account for the city attorney, in addition to his regular salary."

Section 1 of the ordinance relative to additional allowances to the aldermen is as follows:

"From and after the passage of this ordinance there is hereby appropriated as an expense account fifteen dollars ($15.00) per month for each alderman, in addition to their present salaries." These ordinances recited that the allowances were made on account of additional work which the mayor and aldermen would be required to do because of the determination of the city to acquire a waterworks distribution system, and additional work of the city attorney in prosecuting violations of city ordinances in the municipal court.

The city clerk and city treasurer were made parties defendant in order to prevent the issuance and payment of warrants for said amounts.

After the issues had been joined appellant obtained permission to intervene as a party plaintiff in behalf of himself as a resident and taxpayer in said city and to adopt the complaint and amendment thereto of Mrs. Emma Neighbors as his complaint, who had sold her real estate and removed from the city during the pendency of the suit.

Objection was made to him being made a party plaintiff on the ground that the only proper proceeding was for him to bring a separate and independent action. The objection was and should have been overruled. The suit was brought by a resident taxpayer to prevent the alleged unlawful expenditure of funds belonging to the city, and, by including another resident and taxpayer of the city as a party plaintiff, did not change the nature or purpose of the suit. The suit as originally brought was neces-

sarily for the benefit of all taxpayers of the city and might as well be prosecuted in the name of one as of another. No prejudice whatever resulted to the defendants (appellees) by allowing appellant to become a party plaintiff for the purpose of prosecuting the suit. Neither the original plaintiff nor the appellant could recover a personal judgment against any of the appellees (defendants) except for the benefit of all taxpayers of the city.

The Constitution of the State of Arkansas of 1874, article 16, § 13, provides: "Any citizen of any county, city or town, may institute suit in behalf of himself and all others interested to protect the inhabitants thereof against the enforcement of any illegal exactions whatever," and § 1095, Crawford & Moses' Digest, provides: "All persons having an interest in the subject of an action and in obtaining the relief demanded, may be joined as plaintiffs except where it is otherwise provided," and § 1098 of Crawford & Moses' Digest provides: "*Where Parties are Numerous.* Where the question is one of common or general interest of many persons, or the parties are numerous, and it is impracticable to bring them all before the court within a reasonable time, one or more may sue or defend for the benefit of all." *Baur* v. *North Arkansas Highway District No. 1,* 168 Ark. 220, 270 S. W. 533, 38 A. L. R. 1507.

The only other question raised upon this appeal necessary to a determination of the issue involved is whether a city council may pass an ordinance raising the salaries of their city officials during their elective terms to office. The undisputed facts reveal that ordinances numbers 1017 and 1022 were passed during the terms of the mayor, city attorney and aldermen in an effort to increase the existing salaries of each, during their respective terms of office by allowing each of them an expense account. As there is no law providing for the council to allow these officers an expense account as salaries the only purpose of the statute was to raise their respective salaries during their respective terms of office, and to do this was contrary to § 7521, Crawford & Moses' Digest, which section reads as follows:

"Emoluments of no officer whose election or appointment is required in this act" (referring to officers, agents and employees of municipal corporations) "shall be increased or diminished during the term for which he shall have been elected or appointed * * *."

It was also contrary to § 7701, Crawford & Moses' Digest, which is as follows: "* * * and the mayor for his services shall be entitled to receive a compensation or salary not to exceed five thousand dollars per annum to be fixed by the city council, and when once fixed the same shall not be increased or diminished during the term for which he may have been elected."

Municipalities cannot pass ordinances contrary to the Constitution and statutes of the State.

The most that may be said in behalf of these ordinances is to treat them as salary increases which take effect at the expiration of the terms of the respective officers.

Appellant contends that a joint judgment should be rendered for the benefit of the city against the mayor, city attorney and aldermen jointly for the total amount which they have drawn under said ordinances, but we do not concur in this view. It was not a joint acceptance by the parties concerned. Each accepted the amount fixed by these ordinances independent of the other and each would be responsible for the amount he received. The decree is, therefore, reversed, and the cause is remanded with instructions to render judgment against each of them for the amount received by each to the date of the judgments and to enjoin each of them from receiving and the city clerk and treasurer from issuing and paying warrants for the several amounts.