LESLIE *v.* MILLS.

5-1396                                          307 S. W. 2d 541

Opinion delivered December 9, 1957.

*Tom Haley* and *D. A. Bradham,* for appellant.

*DuVal L. Purkins,* for appellee.

PAUL WARD, Associate Justice.  There are two main issues presented by this appeal.  One is the establishment of a north and south boundary line between the properties of the parties.  The other concerns the establishment·of a street by public usage.

*One.*  Appellee owns land, in the shape of a parallelogram, in the northeast quarter of Section 7, Township 13 South, Range 9 West, and appellant owns land adjoining it on the west, being in the northwest quarter of said section 7.  The south boundary lines of both parcels of land are on the same east and west line.

The court was asked to determine the north and south boundary line between the two parcels of land beginning at the common south property line and extending north approximately 420 feet.

Appellant claims that his east line has been fixed by adverse possession.  Just a few days before this litigation began appellant built a new fence where he conceived the line should be.  He said he built the new fence where an old fence had existed for much more than seven years, and that he and his predecessors in title had occupied to the old fence.  We deem it unnecessary to set out the testimony regarding adverse possession, because the court held it sufficient (as to part of the line) and appellee has not appealed on that point.  Particularly the court held that the southern portion of the said boundary line coincided with the fence erected by appellant.

The only fault appellant finds with the line fixed by the court relates to the northern portion.  The court did not accept all of the fence, but found the north end of the said boundary to be the true point fixed by a previous survey.  This point fixed by the court is seven or

eight feet west of the north end of the fence erected by appellant. In this we think the court was in error. Assuming that the point fixed by the court was indeed the true corner, yet it had no bearing on appellant's claim of adverse possession. There was testimony that appellant built the new fence entirely on the line where the old fence had been located, and there was no testimony to the contrary. Since the court accepted part of the fence he should, under the above facts, have accepted all of it.

Appellee, on cross-appeal, says the court made an obvious error in running the said boundary line a few feet too far south. We have examined the testimony in this connection and think it sustains appellee's contention. It is noted too that appellant makes no objection to the proposed change.

*Two.* The other issue, relative to the street or passageway, concerns what is referred to as Hazel Street. The strip of land in controversy, for clarification, may be described as follows: Beginning 13 feet north of the south end of the boundary line between these parties as discussed heretofore, run west (parallel with the south line of appellant's property) approximately 450 feet to highway No. 15 (also an extension of the Main Street of Warren), thence south 26 feet, thence east 450 feet more or less to a point, thence north 26 feet to the point of beginning. The south half of this strip of ground was owned by one Helen N. Harris and the north half was owned by appellant.

This controversy arose when appellee attempted to open up the above strip of land for a street to connect with a road or street which he had built east to Myrtle Street. All this property is adjacent to the south border line of the Town of Warren, and to the casual observer appears to be a part of the town.

After hearing testimony the trial court found and declared the above strip of land to be a street by prescription except "as to the east 70 to 100 feet." As to the latter portion the court found that it has never been

used by the public, and from this part of the finding no one has appealed.

Appellant's main contention against the trial court's finding is that it is not supported by the testimony. We do not sustain appellant in this contention.

It must be remembered that the locale of this property and street is practically a part of Warren, and that there are numerous residences close by. **Three or four** dwellings are located on the north side of "Hazel Street" and a like number on the south side and the people living in these houses use the street to get to Main Street or Highway No. 15. Also located in the street are utility poles. The testimony indicates that this strip of land in question has been used as a public street for over 35 years. In fact it would seem that Helen N. Harris intended for her strip of ground to be used as a street for she knew the purpose of this suit and although she was a witness, she made no objection. Appellant is bound to have known this portion of the "street" was being used as an outlet to Highway No. 15, because some of the users lived in dwellings located on his land. There is, we think, sufficient evidence to sustain the trial court's finding that the full width of the street (including 13 feet off of appellant's land) had been used adversely by the public for more than 7 years.

There is no merit in appellant's objection that the "street" is not a through passageway. This contention has been rejected by this court. See *Robb & Rowley Theaters Inc.* v. *Arnold,* 200 Ark. 110, 138 S. W. 2d 773.

Appellant says appellee cannot assert the right of prescriptive usage for others. Even if this were a valid objection it is obviated by the fact that Charlie Parnell, who lives just south of and uses Hazel Street, intervened in the litigation, and he certainly had an interest in seeing that the street was kept open.

In the above connection, appellant asks us to reverse the trial court because it was error to allow Charlie Parnell to intervene on his own oral motion after much of the testimony had been introduced. We do not agree.

Parnell was permitted by the court to intervene and adopt the pleadings of appellee. We are unable to see how this in any way prejudiced the rights of appellant, especially since he made no request to introduce additional testimony. A similar intervention was approved where no prejudice was shown, in the case of *Laman* v. *Moore,* 193 Ark. 446, 100 S. W. 2d 971.

While we are affirming the decree of the trial court in so far as it relates to "Hazel Street," we do not mean hereby to foreclose the rights, if any exist, of persons who are not parties to this litigation.

In accordance with the above views, the decree of the trial court is affirmed in part, and reversed in part with directions to enter a decree consistent with this opinion.

GEORGE ROSE SMITH, J., dissents in part.