**Joseph D. SHANE et al., Plaintiffs,**

**v.**

**NORTHWEST INDUSTRIES, INC., etc., et al., Defendants.**

**No. 69 C 1349.**

United States District Court
N. D. Illinois, E. D.
Jan. 19, 1970.

Eli E. Fink and David D. Rosenstein, Fink, Coff & Nudelman, Chicago, Ill., for plaintiffs.

Miles G. Seeley and Wm. A. Gordon, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

### DECKER, District Judge.

This is an action brought by certain stockholders of the Chicago, Milwaukee, St. Paul and Pacific Railroad Company to rescind an exchange agreement with defendant Northwest Industries by which each plaintiff placed his stock in escrow with defendant Bank. Claiming that the offer made by Northwest, and the subsequent agreements, were illusory, plaintiffs moved for summary judgment. On the same day, they amended their complaint, adding a class action count. Defendants have moved to strike the motion for summary judgment on the ground, *inter alia*, that it is untimely, no class action determination having been made.

Under new Rule 23 of the Federal Rules of Civil Procedure, notice of the pendency of a class action may be given to all potential members in some instances and must be given in others. Compare 23(d) (2) with 23(c) (2). When the action is brought pursuant to section (b) (3) of the Rule, notice is mandatory. Furthermore, it must be given before judgment on the merits is rendered. This is the plain meaning of the words used in sections (c) (2) (B), (c) (2) (C), and (c) (3), and accords with the revisers' intent to eliminate the "one way intervention" possible under the old rule. See Notes of Advisory Committee on Rules, following Rule 23 in 28 U.S.C.; 3B Moore, Federal Practice, ¶ 23.55 at 1159 (2d Ed.).

Plaintiffs make two arguments which they believe justify determination on the merits at this time. First, they point out that their complaint is in two counts, one brought on behalf of the named plaintiffs and the other on behalf of the class of stockholders, that summary judgment is sought only in the first of these counts, and that Rule 23, therefore, does not apply. This argument is specious, however, for it ignores the fact that the causes of action asserted are identical and that the same contract terms apply to both. The exchange offer here challenged is either illusory or it is not, and it is inconceivable that conflicting judgments could be rendered on this issue in the different counts.

Should plaintiffs' contention be accepted, "one way intervention" and its attendant unfairness would once again prevail in class actions. By artful pleading, class members would be allowed to sit on the sidelines, secure in the knowledge that they could be bound only by a ruling in their favor. It was this very unfairness which the new rule was designed to avoid.

Plaintiffs' second argument is that the amended complaint sets out a class action under section (b) (1) rather than under section (b) (3), and therefore the problems of notice and "one way intervention" do not arise. (See section (c) (3).) However, they ignore the fact that notice may be appropriate in a section (b) (1) action. See Rule 23(d) (2); Eisen v. Carlisle and Jacquelin, 391 F.2d 555, 564–565 (2d Cir. 1968). More importantly, this argument points up the need for a class action determination before judgment is rendered, for only when it is determined what type of class action is involved, and therefore who can be bound by the litigation, can the interests of class members and defendants be fully protected. Rule 23(c) (2); cf. Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324 (E.D. Pa.1967).

Because plaintiffs' motion is untimely under the provisions of Rule 23, defendants' motion to strike the motion for summary judgment is granted. Plaintiffs' motion may, of course, be made applicable to both counts and refiled at the appropriate time.