**SARASOTA OIL COMPANY and Rockland Oil Co., Plaintiffs-Appellants,**

**v.**

**GREYHOUND LEASING AND FINANCIAL CORPORATION, Defendant-Appellee.**

**No. 72-1788.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 24, 1973.

Decided Aug. 22, 1973.

Rehearing Denied Sept. 18, 1973.

George N. Otey, Ardmore, Okl. (R. Rhys Evans, Ardmore, Okl., with him on the brief), for plaintiffs-appellants.

Louis P. Bickel, Johnson, Bromberg, Leeds & Riggs, Dallas, Tex. (Robert J. Emery, Lytle, Soule & Emery, Oklahoma City, Okl., with him on the brief), for defendant-appellee.

Before PICKETT, HILL and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

Sarasota Oil Co. and Rockland Oil Co. appeal from a denial of their claim to certain proceeds of a class action lawsuit in which Greyhound Leasing and Financial Corp. recovered damages for underground trespass on an oil and gas lease.

Greyhound was the operator of an oil and gas lease, known as the Sarasota Tract, in which it owned a 49.582% working interest. The Joiner City Unit, an adjacent corporate operator, damaged the oil reserves under the Sarasota Tract by underground flooding with salt water. Sarasota and Rockland each owned a 1/8 royalty in the Sarasota Tract. Greyhound, through a Rule 23(b)(3) class action for all parties owning any interest in the Sarasota Tract, sought damages from the Joiner City Unit for the underground trespass. Sarasota and Rockland, after notice of the action and of their right to be excluded therefrom in accordance with 23(c)(2) Fed.R.Civ.P., exercised that right and were duly excluded.[1] The propriety of the class action is not questioned.

A judgment in the total sum of $386,440.11 was recovered in the class action. The judgment specifically excluded any amounts pertaining to the loss of royalty interests owned by Sarasota and Rockland. Greyhound's share of the judgment was $198,040.85.

Sarasota and Rockland brought this action claiming that the recovery by Greyhound is a substitute for produced oil and that Greyhound's contractual obligation to pay royalties therefrom is not affected by their withdrawal from the class action. The trial judge granted Greyhound's motion to dismiss, concluding that "[h]aving taken the position that their royalty interests should not be involved in [the class action], Sarasota Oil Company and Rockland Oil

---

1. Rule 23(c) in part reads:

"(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

"(3) The judgment in an action maintained as a class action under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class."

Company are now estopped to assert any claim against Greyhound Leasing and Financial Corporation for the value of their royalty interests." This conclusion presents the issue on this appeal.

The parties having rights under the Greyhound lease, including Sarasota and Rockland, were injured by a common water flooding, and although the amounts of their claims might vary, the issue presented is one containing a common question of law and fact.

■■■■ All members of a class of this nature have an absolute right to be excluded from the case if that right is exercised within the time specified in a notice required to be given by Rule 23(c)(2). One of the primary purposes of the notice requirement is to afford an opportunity for (b)(3) class members to avoid being bound by a class action judgment and to permit them to litigate their own claims, but those who elect to be excluded cannot participate in the benefits of a successful class action. Knuth v. Erie-Crawford Dairy Cooperative Association, 326 F.Supp. 48 (W.D. Pa.1971), modified on other grounds, 463 F.2d 470 (3d Cir. 1972), cert. denied, 410 U.S. 913, 93 S.Ct. 966, 35 L. Ed.2d 278 (1973). The right to intervene after judgment is precisely what the 1966 amendments to Rule 23 were intended to prevent in (b)(3) class actions. Shane v. Northwest Industries, Inc., 49 F.R.D. 46 (N.D.Ill.1970); Minnesota v. United States Steel Corp., 44 F.R.D. 559 (D.Minn.1968); Advisory Committee's Note, Proposed Rules of Civil Procedure, 39 F.R.D. 98, 106 (1966); Wright and Miller, Federal Practice & Procedure: Civil §§ 1753, 1787 (1st ed. 1972); 3B Moore's Federal Practice ¶¶ 23.55, 23.60 (2nd ed. 1969). The oil reserves from which Sarasota and Rockland were entitled to royalties were destroyed by an unlawful flooding of the leased property. All that remained was a cause of action for damages, including the loss of the Sarasota and Rockland royalties, which could have been determined in the class action.

This action is an ingenious attempt to get back into a class action lawsuit and take advantage of a judgment after electing not to participate.

Affirmed.