523 F.2d 1
 LITTLE REDHOUSE and Brady Tah, on behalf of themselves and
others similarly situated, Appellees,
v.
QUALITY FORD SALES, INC., a Utah Corporation, and Thomas E.
Redd, Appellants.
 No. 74-1190.
 United States Court of Appeals,
Tenth Circuit.
 Argued May 1, 1975.
Decided Aug. 8, 1975.
 
 Dean E. Conder, of Nielson, Conder, Henriod & Gottfredson, Salt Lake City, Utah (Arthur H. Nielson, Salt Lake City, Utah, with him on the brief), for appellants.
 James E. Doyle, DNA-People's Legal Services, Chinle, Ariz., (Eric P. Swenson, DNA-People's Legal Services, Mexican Hat, Utah, with him on the brief), for appellees.
 Before LEWIS, Chief Judge, HILL, SETH, HOLLOWAY, McWILLIAMS, BARRETT and DOYLE, Circuit Judges, sitting en banc.
 PER CURIAM.
 
 Opinion on Rehearing En Banc
 
 1
 This appeal was heard initially by a panel of the court, and divergent views were expressed in the several opinions filed. A rehearing en banc was granted, and this opinion on rehearing constitutes the opinion of the court on appeal.
 
 
 2
 After a careful review of the record before this court, and the state of the record, it has been determined that it is necessary to remand the case to the trial court for consideration of several basic issues which appear not to have been resolved at trial or the resolution of which is not reflected in the record.
 
 
 3
 The first of these issues is whether or not the case is properly a class action. The trial judge expressed a conclusion that it would be considered as a class action, but the findings and determinations as to the elements of a class action as required by Rule 23 were not made, nor was the prescribed procedure followed, nor the proper sequence observed. Thus the question as to whether this should or should not be a class action must be properly determined on remand if the question is urged. See Sarasota Oil Co. v. Greyhound Leasing & Financial Corp., 483 F.2d 450 (10th Cir.). We express no opinion on the issue.
 
 
 4
 We are unable to ascertain from the incomplete record before us whether or not the trial court was correct in holding that the truck purchase by the plaintiff Little Redhouse was within the coverage of the Truth in Lending Act. The fundamental matter as to whether an issue of material fact remained unresolved or not cannot be determined from the record, and thus the propriety of summary judgment as to this plaintiff must be examined on remand.
 
 
 5
 The matter of damages appears to be determined by the Truth in Lending Act itself and no showing of actual damages is required. There were amendments to the civil liability section of the Act (§ 130(a), 15 U.S.C. § 1640(a)) effective October 28, 1974, and referring also to class actions. See P.L. 93-495, § 706, 1 U.S.Code Cong. & Admin.News 1974, p. 1753. These amendments appear to be applicable to this action, and should be considered by the court on remand.
 
 
 6
 As to recovery under both the federal Act (15 U.S.C. § 1640(a)) and Utah law, there also have been some recent changes in the state law, the applicability of which must be determined. See Utah Code Anno. § 70B-5-203 as amended.
 
 
 7
 The facts relative to attorney fees, and the entitlement of plaintiffs' attorneys to such fees, were not considered by the trial court and should be on remand.
 
 
 8
 This opinion and the fact of remand do not indicate any opinion by this court on several issues in the case, as no consideration has been given to them. These include: Whether the use of promissory notes as part of the "down payment" was in conformance with the Act; whether the contracts and other forms used in the sales were in compliance; and whether Mr. Redd as an individual can be held liable.
 
 
 9
 The judgment of the trial court is reversed, and the case is remanded for further proceedings in accordance with this opinion.
 
 
 10
 DOYLE, Circuit Judge (concurring).
 
 
 11
 I concur for the most part in the revised per curiam opinion written for the court en banc following the granting of the petition for rehearing.
 
 
 12
 I agree with the majority that there must be a remand for the purpose of determining whether the cause should proceed as a class action. I also agree that the damage issue must be reconsidered in the light of the statutes, and that the issue of entitlement to attorneys' fees ought to be taken up by the trial court.
 
 
 13
 I do have a basic disagreement with the submission of this cause for determination of liability of plaintiff Little Redhouse. In my judgment there are no genuine issues of fact to determine here, and the undisputed facts have established the existence of liability. It may be desirable, in view of the fact that the cause is being remanded in any event, to determine the class action issue on a clean slate, so to speak, so that the trial court will not be in the position of considering the class action issue after a determination that liability exists on the claims alleged by the plaintiffs.
 
 
 14
 With these observations, I join in the per curiam opinion filed on behalf of the court.