## ARKANSAS STATE BOARD OF EDUCATION v. MAGNOLIA SCHOOL DISTRICT NO. 14 OF COLUMBIA COUNTY

88-261                                             769 S.W.2d 419

Supreme Court of Arkansas
Opinion delivered May 8, 1989

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellant.

*Rita S. Looney* and *Samuel A. Perroni*, for appellee.

DAVID NEWBERN, Justice. ■ This is an appeal from an order certifying the case as a class action. Appeals of class action certifications, although interlocutory, are specifically permitted by Ark. R. App. P. 2(a)(9); *Ford Motor Credit Co.* v. *Nesheim*, 285 Ark. 253, 686 S.W.2d 777 (1985). The appellee, which is the

Magnolia School District No. 14 of Columbia County, sought to have the appellants, who are the Arkansas State Board of Education and its members in their individual and representative capacities, enjoined from using state school money to satisfy obligations of the Little Rock and South Conway School districts resulting from federal court desegregation rulings. The Magnolia board was granted class action certification upon its claim to represent all other Arkansas school districts similarly situated. The state board appeals from the certification but raises only issues of sovereign immunity and standing to sue. We dismiss the appeal because these issues are not proper ones to be raised pursuant to Rule 2(a)(9).

The state board argued sovereign immunity and lack of standing in a motion for dismissal or summary judgment. It did not wait for the chancellor to rule on the motion but appealed her order certifying the class, arguing the positions they asserted in their motion. No issues of numerosity or common question of law or fact are even discussed.

The state board argues the chancellor erred in certifying the class because she lacked jurisdiction, given the claims of sovereign immunity and the Magnolia board's lack of standing as a member of the class. The only case cited in support of the argument that the chancellor lacked jurisdiction to certify the class because of a failure of standing is *O'Shea* v. *Littleton*, 414 U.S. 488 (1974), which did not so hold but noted in *obiter dicta* that the members of the purported class had not shown the requisite "case or controversy" for federal jurisdiction. There had not even been a class certification proceeding in the U.S. district court. Class action certifications are not appealable under the federal rule, and the citation is of no benefit to the position asserted here by the state board.

We might have been willing to treat this appeal as a request for a writ of prohibition had we concluded that the chancery court lacked jurisdiction. We have been provided no authority whatever to the effect that the points raised, *i.e.,* the defenses of sovereign immunity and lack of standing would, if proven, deprive the court of jurisdiction, nor are we aware of any such authority in this court.

Our holding in the *Ford Motor Credit Co.* case was

premised, in part, on the fact that the certification issue should be separately appealable because it is separable from the merits of the case. It was not our intention in changing Rule 2(a) to allow any issue to be presented here under the guise of an appeal of a class certification other than ones concerning compliance with Ark. R. Civ. P. 23.

In an interlocutory appeal from a certification order we will hear only argument on whether the judge abused her discretion in certifying the class under Ark. R. Civ. P. 23. The state board's points may be raised on appeal from a final judgment.

Appeal dismissed.