Alice MERTZ, et al. *v.* Gus PAPPAS, et al.

94-1119                                    896 S.W.2d 593

Supreme Court of Arkansas
Opinion delivered May 1, 1995

*Hurst Law Office*, by: *Q. Byrum Hurst, Jr.*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Melissa K. Rust* and *William F. Knight*, Asst. Att'y Gen.s, for appellees.

ROBERT H. DUDLEY, Justice. Appellants filed this suit in circuit court and alleged that the City of Hot Springs levied and collected a five mill *ad valorem* tax in violation of Amendment 59 to the Constitution of Arkansas. The circuit judge on assignment held that tax did not constitute an illegal exaction. Appellants file a direct appeal on the merits, and appellees cross-appeal and argue the circuit court was without jurisdiction. We affirm on direct appeal, albeit for a different reason, and do not reach the cross-appeal.

The facts necessary to decide this case were before the trial court on the cross-motions for summary judgment and are as follows: The tax was levied in the years 1986 and 1987. The tax was collected in the years 1987 and 1988. The tax has not been levied since 1988. Appellants did not plead, nor did they prove, that there are any uncollected delinquent taxes as a result of the tax levied in 1986 and 1987. Appellants did not file their complaint until February 22, 1990.

■ Appellants do not have a claim because the taxes were voluntarily paid before suit was filed. We have consistently followed the common law rule that prohibits the recovery of voluntarily paid taxes, except where a recovery is authorized by a statute without regard to whether the payment is voluntary or compulsory. *See, e.g., City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982); *Searcy County* v. *Stephenson*, 244 Ark. 54, 424 S.W.2d 369 (1968); *Thompson* v. *Continental Southern Lines, Inc.*, 222 Ark. 108, 257 S.W.2d 375 (1953). We follow this rule even when an illegal exaction claim is based on constitutional grounds. *Cash*, 277 Ark. at 504-05, 644 S.W.2d at 233. When recovery is authorized by statute upon payment "under protest," we literally require a payment "under protest." *Hercules, Inc.* v. *Pledger*, 319 Ark. 702, 894 S.W.2d 576 (1995). There is an exception for payment under coercion, *see Cash*, 277 Ark. at 505, 644 S.W.2d at 233; *Chapman & Dewey Land Co.* v. *Board of Directors*, 172 Ark. 414, 288 S.W. 910 (1926), but that exception is not applicable to the case at bar.

The reasoning underlying our cases is sound. When taxes are paid to a government they are deposited into that government's general revenues and ordinarily are spent within that tax year. However, when the government is put on notice that it may be required to refund those taxes, it can make the appropriate allowance for a possible refund. *See Hercules, Inc.*, 319 Ark. at 707, 894 S.W.2d at 578. If we were to allow refunds for taxes voluntarily paid in previous years, it would jeopardize current and future governmental operations because current and future funds might be necessary for the refund.

The trial court denied cross-motions for summary judgment and heard the case on its merits. The trial court then held that the tax was not levied in violation of Amendment 59. The trial court should have granted summary judgment in favor of appellees because appellants did not have a claim.

■■ Summary judgment based upon a failure to state a claim upon which relief can be granted is different from summary judgment based upon a lack of disputed material facts which results in a party's entitlement to the judgment as a matter of law. The first is a failure to *state* a claim, while the second is the failure to *have* a claim. *West* v. *Searle & Co.*, 305 Ark. 33, 806 S.W.2d 608 (1991). Summary judgment on the basis of fail-

ure to *have* a claim results in a dismissal with prejudice. *Id.* at 36, 806 S.W.2d at 610. The appellants do not *have* a claim for past taxes voluntarily paid. Thus, we affirm on direct appeal. Since appellants do not *have* a claim in any court, we need not decide the cross-appeal as it is a moot issue. *See Mertz* v. *States*, 318 Ark. 390, 885 S.W.2d 853 (1994).