STATE of Arkansas, Department of Finance and Administration
*v.* Brandon K. TEDDER

96-429                                                    932 S.W.2d 755

Supreme Court of Arkansas
Opinion delivered November 4, 1996

*Beth B. Carson*, Chief Counsel, for appellant.

*Michael A. Skipper* and *Stephen W. Tedder*, for appellee.

BRADLEY D. JESSON, Chief Justice. This is an interlocutory appeal from an order certifying a class action. The appellee, Brandon K. Tedder, purchased a used Ford Bronco for $4,900.00 and paid $220.50 in sales tax on the vehicle. He filed a claim with appellant Department of Finance and Administration for refund of the $220.50 on the ground that the sale of the used vehicle was exempt as an isolated sale under Ark. Code Ann. § 26-52-401(17)(Repl. 1992 and Supp. 1995). Following the Department's denial of the refund, Mr. Tedder filed suit in chancery court on behalf of himself and all other taxpayers similarly situated. Following a hearing, the chancellor certified a class of persons under Ark. R. Civ. P. 23 as "those persons, parties, or entities who paid sales

tax on the consideration for used motor vehicles, trailers, or semi-trailers purchased from another person, corporation, etc., not engaged in the business of selling used motor vehicles, trailers, or semi-trailers, between July 14, 1992 and February 12, 1995." The Department appeals the order of certification on the basis that the chancellor lacked subject-matter jurisdiction to certify the class. We agree with the Department's argument and reverse and remand.

Our constitution generally prohibits suits against the state. Ark. Const. art. 5, § 20. However, Ark. Code Ann. § 26-18-507(e)(2)(A) (Repl. 1992) permits a taxpayer to sue the state for an improperly collected sales tax only after a refund has been sought and refused or the Commissioner has not acted upon the taxpayer's request. Since Mr. Tedder is the only taxpayer who had requested a refund and had his application denied, the Department claims that the chancery court did not have subject-matter jurisdiction over the remaining members of the proposed class. In *State* v. *Staton*, 325 Ark. 341, 942 S.W.2d 804 (1996)(substituted opinion granting re-hearing), we resolved this issue in the Department's favor. Recognizing strong fiscal public policy concerns, we held that full compliance with the statute is necessary before sovereign immunity is waived.

While the *Staton* case involved a final judgment, both parties in the present case direct our attention to our opinion in *Arkansas State Bd. of Educ.* v. *Magnolia School Dist. No. 14*, 298 Ark. 603, 769 S.W.2d 419 (1989), in which we held that, in an interlocutory appeal from a certification order, we would only hear argument on whether the trial court abused its discretion in certifying the class under Ark. R. Civ. P. 23. We agree with the parties that *Magnolia School District* is distinguishable. In that case, the parties had provided no authority that the defenses of sovereign immunity and lack of standing, would, if proven, deprive the chancery court of jurisdiction. 298 Ark. at 604. Conversely, in this case, these issues have been fully developed. As we recognized in *Staton*, the question of subject-matter jurisdiction is always open and can be raised at any time. *Staton*, slip op. at 4; *see also Dent* v. *Wright*, 322 Ark. 256, 909 S.W.2d 302 (1995); *Arkansas Dept. of Human Serv.* v. *Estate of Hogan*, 314 Ark. 19, 858 S.W.2d 105 (1993). It does not matter how the question of subject-matter jurisdiction arises; we can raise the issue on our own motion. *Arkansas Dept. of Human Serv.* v. *Estate of Hogan, supra.*

In the case before us, Mr. Tedder was the only taxpayer who complied with § 26-18-507(e)(2)(A) and thus caused the state, through the Department, to waive sovereign immunity. Because the proposed class of taxpayers had not complied with this statute, we hold that the chancellor erred in certifying the class and reverse. Reversed and remanded.

Newbern, Corbin, and Brown, JJ. dissent. *See* dissenting opinions in *State* v. *Staton*, 325 Ark. 341, ___, ___ S.W.2d ___, ___ (October 28, 1996)(substituted opinion granting rehearing).