Mary Chavers CARSON *v.* Richard WEISS, Director, Arkansas Department of Finance and Administration; and Jimmie Lou Fisher, Treasurer, State of Arkansas

97-984                                         972 S.W.2d 933

Supreme Court of Arkansas
Opinion delivered June 11, 1998

*Thomas D. Deen*, for appellant.

*Beth B. Carson*, Chief Counsel, Revenue Legal Counsel, for appellees.

RAY THORNTON, Justice. This appeal from an order denying class certification is specifically permitted as an interlocutory appeal under the provisions of Ark. R. App. P.—Civil 2(a)(9). Appellant Mary Chavers Carson, a resident of Louisiana who is employed in Arkansas, brings this illegal-exaction claim, challenging a provision of a state income tax statute, the former section 26-51-301(d) (Repl. 1992) of our Code, that denied her the same exemption from taxation that was granted to residents of Arkansas. She paid her Arkansas state taxes without protest from 1991, when the exemption was first granted to Arkansas residents, until 1994, when this complaint was filed. The State repealed the challenged exemption in 1995.

Appellant seeks, under the provisions of Rule 23 of our Rules of Civil Procedure, to represent a class of similarly situated taxpayers. However, because she has not complied with statutory refund requirements, the chancellor applied the sovereign-immunity provision of the Arkansas Constitution, which provides that the State may not be made a defendant in its own courts, to deny class certification. The chancellor based this decision on this court's decision on rehearing in *State v. Staton*, 325 Ark. 341, 942 S.W.2d 804 (1996), where we held that each individual taxpayer must comply with statutory requirements before sovereign immunity is waived. From the chancery court's decision denying class certification, appellant brings this interlocutory appeal. We find error and reverse.

As an interlocutory appeal from the trial court's denial of class certification, we review the trial court's decision under an abuse-of-discretion standard. *State v. Tedder*, 326 Ark. 495, 496, 932 S.W.2d 755, 756 (1996); *Cheqnet Sys. v. Montgomery*, 322 Ark. 742, 748, 911 S.W.2d 956, 958 (1995). However, we also consider whether sovereign immunity has been waived

because it is a jurisdictional issue that may be raised at any time or on our own motion. *Newton v. Etoch*, 332 Ark. 325, 331, 965 S.W.2d 96 (1998); *see also Tedder*, 326 Ark. at 496, 932 S.W.2d at 756.

Our constitution generally prohibits suits against the State. Ark. Const. art. 5, § 20; *Jacoby v. Arkansas Dep't of Education*, 331 Ark. 508, 513, 962 S.W.2d 773 (1998). We have held that this sovereign-immunity provision fully protects the State absent a waiver or consent by the State to be sued. *Id.*

The chancery court found that the members of the proposed class in this case could not be certified because they had not filed a claim for refund, which the *Staton* court held to be required under our statute dealing with refunds for overpayments, Ark. Code Ann. § 26-18-507 (Repl. 1997). Appellant argues that section 26-18-507 does not apply to this illegal-exaction claim. This argument is well taken.

In recent cases involving tax statutes, this court has noted that our legislature has waived its sovereign immunity in enacting a refund statute, Ark. Code Ann. § 26-18-507, which permits a taxpayer to sue the State for an improperly collected sales tax after a refund has been sought and refused or the Commissioner has not acted on the request. *Tedder*, 326 Ark. at 496, 932 S.W.2d at 756; *Staton*, 325 Ark. at 344, 942 S.W.2d at 806. The statute provides, in pertinent part:

> Any taxpayer who has paid any state tax to the State of Arkansas, through error of fact, computation, or mistake of law, in excess of the taxes lawfully due shall, subject to the requirement of this chapter, be refunded the overpayment of the tax determined by the director to be erroneously paid upon the filing of an amended return or a verified claim for refund.

Ark. Code Ann. § 26-18-507(a). It was under this statute that we determined in *State v. Staton* that the taxpayers were required to file either an amended return or a verified claim for refund prior to initiating a suit, in order to waive sovereign immunity. *Staton*, 325 Ark. at 347, 942 S.W.2d at 807; *see also ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997) (citing Ark. Code Ann. § 26-18-507(e)(2)(A)).

In this case, appellant argues that section 23-51-301(d), providing an exemption from state income taxes for Arkansas residents, was unconstitutional on its face, not in its application. Therefore, she does not assert that her excessive payment was due to an "error of fact, computation, or mistake of law," as contemplated under section 23-51-507. Instead, appellant asserts that her claim is based on the premise that the State illegally exacted this payment from her based on an unconstitutional distinction in the statute. *See, e.g., Taber v. Pledger*, 302 Ark. 484, 791 S.W.2d 361, *cert. denied*, 498 U.S. 967 (1990) (determining that a taxpayer's suit did not fall under this section because the taxpayer paid under protest rather than through error).

Appellant argues that the proper method of challenging this unconstitutional tax is via the Arkansas Constitution's illegal-exaction clause, and we agree. The clause reads as follows:

> Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.

Ark. Const. art. 16, § 13.

This court has observed the inherent conflict in our constitution between our illegal-exaction clause and our sovereign-immunity provision, art. 5, § 20. *Streight v. Ragland*, 280 Ark. 206, 209-10 n. 7, 655 S.W.2d 459, 461 n.7 (1983). Our sovereign-immunity provision provides that the State shall not be a defendant in her own courts, and this court in *Streight* noted that this provision was general in nature. *Id.* We stated that in the face of this conflict, we would employ the well-known rule of construction holding that the more specific provision controls the general. We concluded that the more specific provision was the one that grants the taxpayer standing, the illegal-exaction clause. *Id.*

In *City of Little Rock v. Cash*, 277 Ark. 494, 510, 644 S.W.2d 229, 236 (1982), we recognized that our common law makes an illegal-exaction suit under article 16, section 13, of the Arkansas Constitution a class action as a matter of law. However, we also specifically held in *Cash* that Rule 23 does not conflict

with the constitutional illegal-exaction provision; rather, it serves as a rule of procedure in a class-action case of this nature. *Id.* In this regard, we also noted that, while our illegal-exaction provision is self-executing, "the legislature may regulate the procedure so long as the Constitutional guarantee is not abridged." *Id.* (quoting Garner, Sloan, and Haley, *Taxpayers Suits to Prevent Illegal Exactions in Arkansas*, 8 ARK. L. REV. 129, 135 (1954)).[1]

In the case before us, the chancellor was correct that Rule 23 cannot override the constitutional principle of sovereign immunity and that strict compliance with statutory waivers of sovereign immunity is required. However, having previously held that the provisions of this illegal-exaction clause are self-executing and that it overrides the constitutional provision for sovereign immunity, we now further conclude that it provides for a constitutionally established class of interested persons. While the formation of this class is subject to well-established common-law legal principles and is neither limited nor expanded by the provisions of Rule 23, we have determined that the procedural elements of that rule may be useful in managing the conduct of the class action.

Accordingly, we reverse the decision of the chancellor and remand the matter for further action consistent with this opinion.

---

[1] This issue was revisited in *Union Nat'l Bank v. Barnhart*, 308 Ark. 190, 823 S.W.2d 878 (1992), where Justice Glaze stated, in a concurring opinion, that illegal-exaction claims had historically not been governed by the restrictions imposed on class actions and that illegal-exaction claims should not be subject to Rule 23.