Clarence J. WORTH, *et al. v.* CITY of ROGERS, *et al.*

01-1048 89 S.W.3d 875

Supreme Court of Arkansas
Opinion delivered November 21, 2002

184

*The Evans Law Firm, P.A.*, by: *Marshall Dale Evans*; *Hirsch Law Firm, P.A.*, by: *E. Kent Hirsch*, for appellants.

*Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.*, by: *David R. Matthews*; *Robin Green*; *Jim Clark*; *Clark & Spence*, by: *George Spence*, for appellees.

JIM HANNAH, Justice. This is an action pursuant to Article 16, Section 13, of the Arkansas Constitution to protect the inhabitants of Benton County, the City of Rogers, Rogers School District No. 30, Bentonville School District No. 6, and Siloam Springs School District No. 21 from the enforcement of an illegal exaction. Appellants Clarence J. Worth, *et al.*, appeal an order of class certification under Ark. R. App. P.—Civ. 2(a)(9). Appellants allege that the trial court erred in permitting citizens to opt out from the class, that the trial court erred in failing to prohibit communication and solicitation of the class, and that the trial court erred in denying a motion for recusal. The Appellees agree that the opt-out provisions of Rule 23 are not applicable to the injunctive relief Appellants seek, which is the "roll back" of millage rates for *ad valorem* tax. The Appellees allege that the relief sought by Appellants requesting a refund of *ad valorem* taxes to taxpayers in the amount overcharged by the noted taxing units should be subject to opt out allowed under Rule 23. Appellees

cross-appeal, asserting the trial court erred in restricting attorneys from making public statements about opting out of the class.

We hold that, under the terms of Article 16, Section 13, of the Arkansas Constitution, the parties to an illegal-exaction suit include all citizens of the county, city, or town affected by the illegal exaction. Because all citizens are parties to the constitutionally created class, the right to opt out as developed under Ark. R. Civ. P. 23, is not applicable in an illegal-exaction suit. We further hold that communication with the affected citizens must be unfettered to determine whether any alleged illegal exaction may have been voluntarily paid, and therefore, not subject to suit under Article 16, Section 13.

Appellants also attempt to appeal the denial of their motion to recuse. The appeal before us is an interlocutory appeal from an order granting a motion to certify a class as allowed under Ark. R. App. P.—Civ. 2(a)(9). The issue of the denial of the motion to recuse may not be heard on this interlocutory appeal. In any event, the issue is moot here because the issue of recusal is the subject of a Petition for Writ of Mandamus, or in the alternative, for Writ of Prohibition, which is presently pending before this court.

*Facts*

On April 25, 1997, Appellants filed a lawsuit in Benton County alleging that taxing units, including Benton County, City of Rogers, Rogers School District No. 30, Siloam School District No. 21, and Bentonville School District No. 6, were required to make calculations for "roll back" of millage rates for *ad valorem* taxes under Amendment 59 of the Arkansas Constitution, and that they had not done so. On May 2, 1997, Appellants filed a separate action alleging that the noted taxing units had not "rolled back" the millage rates for *ad valorem* taxes required after a countywide reappraisal. These two suits were consolidated by an order dated January 23, 1998. Appellees filed a motion to dismiss the consolidated action, which was treated as a motion for summary judgment. The motion was granted. This court reversed that decision and remanded the case for further proceedings in *Worth v. City of*

*Rogers*, 341 Ark. 12, 14 S.W.3d 471 (2000) (*Worth I*). Thereafter, on May 2, 2001, the case of *Larry Timmons v. Benton County*, Benton County Case No. CIV-97-361-2 was also consolidated with the two above noted cases.

Appellants below are requesting that the trial court determine if a "roll back" is required, and if so, the Appellants are requesting that the trial court order a refund of *ad valorem* taxes to taxpayers in the amount overcharged by the noted taxing units, less cost, expenses, and a reasonable and adequate attorney's fee as determined by the trial court.

On June 22, 2001, the trial court entered a class certification order. It provides an opt-out choice to the class members, as set out in a Notice attached to the certification order. It also prohibits counsel for the Appellees from contacting class members or making public statements about opting out and not opting out.

*Standard of Review*

■ This court reviews class certification under an abuse-of-discretion standard. *Cheqnet v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995). An abuse of discretion can be shown by proving bias or prejudice. *Massongill v. County of Scott*, 337 Ark. 281, 991 S.W.2d 105 (1999); *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996).

*Opt Outs*

■ Appellants allege that the trial court erred in allowing opt outs. We hold that in an illegal-exaction case, taxpayers may not opt out of the suit. The right of opt out as developed under Rule 23 does not apply to illegal-exaction suits. Under Ark. R. Civ. P. 23, class members may opt out of a class action if they are not satisfied with the complaint or remedies asserted. *USA Check Cashers of Little Rock, Inc. v. Island*, 349 Ark. 71, 76 S.W.3d 243 (2002). *USA Check Cashers* involved a class action created under Ark. R. Civ. P. 23. In a class action established under Rule 23 of the Federal Rules of Civil Procedure, class members have an absolute right to be excluded from the case if they exercise that right within the time allowed under Rule 23(c)(2). *Sarasota Oil Co. v.*

*Greyhound Leasing and Fin. Corp.*, 483 F.2d 450 (10th Cir. 1973). If, in a class action created under Rule 23, a forum state wishes to bind the rights of an absent plaintiff concerning a claim for money damages or similar relief at law, the State must provide minimal procedural due process, which includes, at the least, that an absent plaintiff be provided an opportunity to remove himself or herself from the class by executing and returning an "opt out" or "request for exclusion" form to the court. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

■ ■ Rule 23 creates a suit involving a class that is comprised of many claims, often small claims, and the class-action suit is created to avoid the problems such claims typically present, such as procedural complexities involving numerous joinders, wholesale intervention, and large numbers of lawsuits which would be inefficient and unmanageable. *BNL Equity Corp. v. Pearson*, 340 Ark. 351, 10 S.W.3d 838 (2000). This court further noted in *BNL Equity* that without a class action, "numerous meritorious claims . . . might go unaddressed" because alone they are too small to prosecute. *See BNL Equity*, 340 Ark. at 361. The rationale of the class action is to manage litigation involving numerous class members who would otherwise all have access to court via individual lawsuits. *Croyden Assoc. v. Alleco, Inc.*, 969 F.2d 675 (8th Cir. 1992). To bring a class action under Rule 23, it must be found to be a superior means as opposed to pursuing individual remedies. *Drew v. 1st Fed. Sav. & Loan Ass'n. of Ft. Smith*, 271 Ark. 667, 610 S.W.2d 876 (1981). A class action under Ark. R. Civ. P. 23 binds together for litigation a number of claims of individuals because they are similarly situated, and because their claims can best be litigated under a class action established under Rule 23. *BNL Equity, supra.*

■ ■ However, although an illegal-exaction case is a class action, it is not a class action established under Rule 23. It is created by our Constitution. Article 16, Section 13, of the Arkansas Constitution provides:

> Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.

Ark. Const. Art. 16, § 13. Our common law makes an illegal-exaction suit under Article 16, Section 13, of the Arkansas Constitution a class action as a matter of law. *Frank v. Barker*, 341 Ark. 577, 20 S.W.3d 293 (2000); *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982). An illegal-exaction claim is by its nature in the form of a class action. *Hamilton v. Villines*, 323 Ark. 492, 915 S.W.2d 271 (1996). An illegal-exaction suit is a constitutionally created class of taxpayers, and suit is brought for the benefit of all taxpayers.

█ █ Unlike a class action created under Rule 23, an illegal-exaction suit does not bind together the claims of a number of persons in order to more effectively litigate the claims. Because individual claims that might be compromised are not at issue, the concerns about allowing opt outs are not present. A taxpayer either participates in the illegal-exaction suit already filed, or in no lawsuit on the illegal exaction. By the terms of the Arkansas Constitution, Article 16, Section 13, every inhabitant of the area affected by the alleged illegal exaction is a member of the class. Every citizen who is an inhabitant of the affected area is regarded as a party to the illegal-exaction lawsuit and is bound by the judgment. *Cash, supra*; *Rigsby v. Ruraldale Consol. Sch. Dist. No. 64*, 180 Ark. 122, 20 S.W.2d 624 (1929). As this court stated in *McCarroll v. Farrar*, 199 Ark. 320, 134 S.W.2d 561 (1939), if an illegal-exaction suit were not a bar to another suit, one citizen after another might institute suit for himself or herself, and this could continue until every citizen in the state had sued. The doctrine of *res judicata* applies. *McCarroll, supra*.

█ An opt out pursuant to Rule 23 is not possible in an illegal-exaction lawsuit. The Arkansas Constitution makes each taxpayer a party. What is at issue in an illegal-exaction case is whether the governmental entity violated Article 16, Section 13. On the other hand, what is at issue in a typical class-action case, such as a tort class action, is the rights of the various members of the class against the defendant. Under an illegal-exaction lawsuit, the reasons for allowing Rule 23 opt outs are not present. All taxpayers are parties as a matter of law. Whatever illegal exaction has occurred and whatever amount of money may be at issue will be unaffected by a decision of a citizen to participate or not to

participate in the illegal-exaction suit. The exaction is either illegal, or it is not. Thus, while desire not to participate in the typical tort class action will except a class member from such a suit, it will not except one from a suit based upon illegal exaction. Nor will the desire to retain separate counsel to obtain a better outcome allow for an opt out. If citizens were able to opt out, they would not be able to prosecute their suits individually because, as discussed above, they would be precluded by *res judicata.*

 A suit in illegal exaction long predates Rule 23. An illegal-exaction suit is one brought "necessarily for the benefit of all taxpayers . . . and might as well be prosecuted in the name of one [taxpayer] as of another." *Laman v. Moore*, 193 Ark. 446, 100 S.W.2d 971 (1937). In *Laman*, Laman was granted permission to intervene and be added as a plaintiff. *Laman, supra.* The original plaintiff objected, arguing that the only proper proceeding for Laman was for him to bring a separate and independent action. *Id.* This court stated:

> The objection was and should have been overruled. The suit was brought by a resident taxpayer to prevent the alleged unlawful expenditure of funds belonging to the city, and, by including another resident and taxpayer of the city as a party plaintiff, did not change the nature or purpose of the suit. The suit as originally brought was necessarily for the benefit of all taxpayers of the city. . .

*Laman*, 193 Ark. at 447-48.

 Any judgment entered will be entered for the benefit of all taxpayers. As noted previously, a person who opted out in an illegal-exaction suit would have no right to proceed alone because he or she would be foreclosed by *res judicata.* What is at issue is whether an illegal exaction occurred, not whether a given citizen has been wronged. What is sought in an illegal-exaction case is return of taxes wrongfully collected. Relief may be an order that the taxes be refunded. *Cash, supra.* A personal judgment is not entered. *Id.; see also, Laman, supra.* While there is no right to opt out in an illegal-exaction lawsuit, it is well settled that voluntary payment of taxes cannot be recovered in an illegal-

exaction suit. *Elzea v. Perry,* 340 Ark. 588, 12 S.W.3d 213 (2000).

■■■■ Article 16, Section 13, of our Constitution is self-executing and requires no enabling act or supplemental legislation to make its provisions effective. *Chapman v. Bevilacqua,* 344 Ark. 262, 42 S.W.3d 378 (2001); *Samples v. Grady,* 207 Ark. 724, 182 S.W.2d 875 (1944). Even though Article 16, Section 13 is self-executing, this court has stated that the legislature may regulate the procedure in illegal-exaction cases so long as the constitutional guarantees set out in Article 16, Section 13, are not abridged. *Carson v. Weiss,* 333 Ark. 561, 972 S.W.2d 933 (1998); *Cash, supra.* With regard to procedure in illegal-exaction cases, this court has stated that Ark. R. Civ. P. 23 may serve as a procedural guide. *Carson, supra.* However, an illegal-exaction case is not governed by Ark. R. Civ. P. 23. *Frank, supra.* Rather, Rule 23 contains provisions that may be helpful in guiding a trial court in managing illegal-exaction cases.

■■■ ■■■ Rule 23 may act as a procedural guide in illegal-exaction cases as to notice. Notice is required in an illegal-exaction suit. In an illegal-exaction suit, what is first at issue is whether an illegal exaction has occurred. If an illegal exaction is found, the trial court must then determine whether the taxes were collected under protest or whether they were voluntarily paid. It is settled law that voluntarily paid taxes are not subject to an illegal-exaction suit. *Holye v. Faucher,* 334 Ark. 529, 975 S.W.2d 843 (1998). We have always followed the common-law rule prohibiting recovery of voluntarily paid taxes. *Elzea, supra; Cash, supra; Thompson v. Continental So. Lines,* 222 Ark. 108, 257 S.W.2d 375 (1953).

■■■ ■■■ Taxes paid afer the filing of a complaint in illegal exaction are considered to be paid under protest. *Elzea, supra.* Because we follow the common-law rule prohibiting the recovery of voluntarily paid taxes, nothing prohibits a taxpayer from declaring that he or she voluntarily paid the taxes even after the filing of the complaint. This arguably has the same effect as opting out, except one who voluntarily pays the tax may not later bring the same illegal-exaction suit. Taxes paid voluntarily are not subject

to an illegal-exaction suit. The taxpayers should be provided with a notice that is the best practicable, that is reasonably calculated under all the circumstances to apprise the taxpayers of the pendency of the suit, and that describes the suit and affords the taxpayers the necessary notice so that the parties may determine whether the taxes were voluntarily paid. The notice must also apprise taxpayers of the suit in the event they wish to be made a named party to have a more direct say in the remedy, whether it might be a refund or a roll-back. A declaration of voluntary payment might stop some portion of a refund, but it would not affect a roll-back, which by its nature affects all taxpayers. Further, taxpayers should be apprised of the suit in the event they may wish to become a named party because of concerns they may have that the suit is collusive between the existing parties. *See Samples, supra.*

### Communication

Both the Appellants and the Appellees assert error in the trial court's decision regarding contact with the class members. As already noted, while an illegal-exaction lawsuit has some attributes that make Rule 23 type procedure helpful in managing the case, it is not a typical class action. Because there is no right to opt out, the concerns about communication are not present. Communication in an illegal-exaction case will not affect numerosity, superiority, typicality[1], or adequacy, because the issue is not whether individual claims are similar, and as such, they may be considered together. There is but one claim, which is whether the tax constitutes an illegal exaction. Because we follow the common-law rule prohibiting the recovery of voluntarily paid taxes, contact with citizens should occur to determine whether the taxes were paid involuntarily or voluntarily. The concern is whether coercion is being used.

Appellants also attempt to appeal the denial of their motion to recuse. The appeal before us is an interlocutory appeal from an order granting a motion to certify a class as allowed under

---

[1] Numerosity, superiority, typicality, and adequacy are not considered in an illegal-exaction suit. Those issues go to the question of whether a class can be certified. In an illegal-exaction suit, the suit is a class action as a matter of law. *Frank, supra.*

Ark. R. App. P.—Civ. 2(a)(9). In an appeal from an order granting a motion for certification as a class, the only issues that may be considered on appeal are those issues regarding whether the judge abused his or her discretion in certifying the class under Ark. R. Civ. P. 23. *Ark. State Bd. Of Educ. V. Magnolia Sch. Dist. #14*, 298 Ark. 603, 769 S.W.2d 419 (1989). The issue of the denial of the motion to recuse may not be heard on this interlocutory appeal.

We reverse and remand the case to the trial court for further action consistent with this opinion on issues of how the class will be handled.

Affirmed in part and reversed in part.

GLAZE and IMBER, JJ., concurring.

ANNABELLE CLINTON IMBER, Justice, concurring. I agree with the majority's conclusions but write separately because this case presents us with the opportunity to clarify to what extent the notice provisions of Rule 23(c) serve as a rule of procedure in an illegal-exaction lawsuit. Rule 23(c) provides in pertinent part:

> (c) *Notice.* In any class action in which monetary relief is sought, including actions for damages and restitution, the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall: (1) describe the action and the members' rights in it; (2) advise each member that the court will exclude the member from the class if the member so requests by a specified date; (3) advise each member that the judgment, whether favorable or not, will include all members who do not request exclusion; and (4) state that any member who does not request exclusion may, if the member desires, participate in the litigation, either in person or through counsel.

Ark. R. Civ. P. 23(c) (2002).

*(1) Notice Shall Describe the Action and the Members' Rights in It*

The first requirement of notice applies in an illegal-exaction lawsuit because all class members should be notified of the nature of the action and their rights in it. This does not change simply because the class arises by virtue of Article 16, section 13 of the Arkansas Constitution.

*(2) Notice Shall Advise Each Member That the Court Will Exclude the Member from the Class If the Member So Requests by a Specified Date*

The second requirement does not directly apply to an illegal-exaction lawsuit. The majority correctly concludes that taxpayers cannot opt out of an illegal-exaction suit. However, this court recognizes the common-law voluntary-payment rule, i.e. "[w]hen one pays money on demand that is not legally enforceable, the payment is deemed voluntary. Absent fraud, duress, mistake of fact, coercion, or extortion, voluntary payments cannot be recovered." *Douglas v. Adams Trucking Co., Inc.*, 345 Ark. 203, 212, 46 S.W.3d 512, 518 (2001). We have consistently applied the voluntary-payment rule to cases of illegal exaction:

> The reasoning underlying the common-law [voluntary-payment] rule is that governmental entities budget annually and ordinarily spend revenues within each tax year. When the government is on notice that it may be required to refund those taxes, it can make allowance for a possible refund. *See Mertz v. Pappas*, 320 Ark. 368, 896 S.W.2d 593 (1995) (citing *Hercules, Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d at 578 (1995)). However, if the governmental entity allowed refunds for taxes voluntarily paid in previous years, current and future funds might be required to make the refund and governmental operations would be jeopardized. *Id.*

*Oxford v. Perry*, 340 Ark. 577, 582, 13 S.W.3d 567, 570 (2000).

In the instant case, or in any case of an illegal-exaction lawsuit, a taxpayer can declare that he or she has paid the taxes in question voluntarily and waives any right to a refund. Because the taxing unit is not required to refund taxes voluntarily paid, the refund that would have been due to the taxpayer would not be

included in the common fund in the event that the plaintiffs prevail in the action. Therefore, while it would be incorrect to tell a taxpayer that he or she can opt out of an illegal-exaction lawsuit, it would be proper to inform a taxpayer of the right to waive a refund.

### (3) Notice Shall Advise Each Member That the Judgment, Whether Favorable or Not, Will Include All Members Who Do Not Request Exclusion

The third requirement of notice applies to an illegal-exaction lawsuit, although the reference to all members "who do not request exclusion" is irrelevant. As has already been mentioned in connection with Rule 23(c)(2), there is no right to opt out of an illegal-exaction suit. Thus, the notice required by Rule 23(c)(2) must advise each member that the judgment will include *all* members of the class, none of whom may opt out. In other words, all class members have the right to know that the action will be binding on them. This is even more important in an illegal-exaction case because, as the majority points out, the class members would be foreclosed by the doctrine of *res judicata* from filing individual suits later to assert their rights for the same alleged illegal exaction.

### (4) Notice Shall State That Any Member Who Does Not Request Exclusion May, If the Member Desires, Participate in the Litigation, Either in Person or Through Counsel

The fourth notice requirement also applies to an illegal-exaction lawsuit because the class members need to be informed of the right to intervene and participate in the litigation if they conclude their rights are not being adequately protected by the named class representatives or class counsel. Once again, the reference to any member "who does not request exclusion" is irrelevant in the context of an illegal-exaction case.

GLAZE, J., joins in this opinion.