## LaVerne SANDERS v. CITY OF FORT SMITH

5-5657                       473 S.W. 2d 183

Opinion delivered November 29, 1971

*Harper, Young & Smith,* for appellant.

*Daily, West, Core & Coffman,* for appellee and cross-appellant.

GEORGE ROSE SMITH, Justice. This is a civil service proceeding arising from an attempt by the City Administrator of the city of Fort Smith to discharge the appellant, LaVerne Sanders, from his position as chief of the municipal fire department. Sanders had worked for the fire department for some 27 years and had been fire chief for several years. On October 29, 1969, the City Administrator notified Sanders by letter that he was dismissed from his position, for certain enumerated reasons. Sanders took the matter to the Civil Service Commission,

presenting to that body only the legal issue of whether the City Administrator had acted within his lawful authority in dismissing Sanders. The Commission upheld the dismissal. The circuit court, on appeal, found no violation of due process, but the court remanded the case to the Commission with instructions to conduct a hearing to determine whether good cause existed for the appellant's discharge. Both sides have appealed, but in the view we take we do not reach the city's cross appeal.

For the most part the question now before us is controlled by pertinent statutes and by a municipal civil service regulation. Fort Smith operates under the City Administrator form of municipal government, created by Act 36 of 1967. Ark. Stat. Ann., Title 19, Ch. 8 (Repl. 1968). Section 11 (4) of that act (§ 19-811 [4]) empowers the City Administrator to remove some municipal officials and employees, but the section expressly provides that the Administrator's power of removal does not extend to officers and employments controlled by civil service.

We accordingly turn to the laws governing civil service employees. The statute with respect to policemen and firemen under civil service provides that such employees must be given written notice of the cause for their discharge. Sections 19-1603 (11) and 19-1605.1. The statute does not state by whom the notice is to be given, but the statute does empower the municipal civil service commission to make rules and regulations having the force and effect of law. Section 19-1603; *Civil Service Commn. of North Little Rock* v. *McDougal,* 198 Ark. 388, 129 S. W. (2d) 589 (1939). Pursuant to that authority the Fort Smith commission adopted this regulation: "No civil service employee shall be discharged . . . without being notified in writing by the department head or the governing body of the city of such discharge . . . and the cause therefor at the time the action is taken."

We construe the regulation to mean that a department head, such as the chief of the fire department, can be discharged only upon written notice given by the governing body of the city. Under the City Administrator

form of municipal government the governing body of the city is a seven-member Board of Directors. Section 19-806 (a). Consequently the City Administrator did not, acting alone, have lawful authority to discharge Sanders.

The city contends, however, that Sanders was actually discharged by the Board of Directors. We cannot sustain that contention. The proof amounts merely to this: Upon some date not shown with certainty the city's board of directors met with the City Administrator in executive session; that is, in a session closed to the public. Random House Dictionary of the English Language (1966). No written record of the session was made. In fact, the board's secretary was not allowed to be present. The City Administrator informed the board members that he desired to discharge Sanders if Sanders would not resign. The board members nodded their approval, but no record was made of their action. Later on the Administrator wrote Sanders a letter setting out the reasons for his discharge, but there is no suggestion that the directors ever saw the letter or knew of its contents.

We cannot say that such a loose and informal procedure complies either with the statute or with the municipal regulation that we have quoted. The statute contemplates that important action taken by the city's board of directors be evidenced by a record; for every motion, resolution, and ordinance must be *signed* by the mayor or adopted over his veto. Section 19-809 (a) and (c). Moreover, the quoted civil service regulation directs that the discharged department head be notified "in writing" by the governing body of the city of the cause for his discharge. In this instance neither the statute nor the regulation was complied with.

The circuit court erred in attempting to return the matter to the Civil Service Commission, for no lawful discharge was shown. We remand the cause to the circuit court with instructions that the appellant be given an opportunity to prove his net damages under the statute, if he so elects. Section 19-1605.1.

Reversed and remanded.