Norman F. WILLIAMS *v.* LITTLE ROCK CIVIL SERVICE COMMISSION et al

79-205                                        587 S.W. 2d 42

Opinion delivered October 1, 1979
(Division I)

*Mathews & Sanders,* by: *Roy Gene Sanders,* for appellant.

*Joseph C. Kemp,* for appellees.

DARRELL HICKMAN, Justice. The only issue raised on appeal is whether a wrongfully discharged policeman may, in addition to his lost salary, recover his attorney's fees.

We find no statutory authority for such a recovery and affirm the trial court's judgment.

Norman Williams, a Little Rock policeman, was fired in October, 1977. The firing was upheld by the Little Rock Civil Service Commission. Williams appealed to the Pulaski County Circuit Court. It found Williams had been wrongfully discharged and ordered him reinstated with back pay, minus his outside earnings received during the period of discharge. Williams was denied recovery of the attorney's fees he incurred for representation in the matter. It is not disputed the sum was $2,500.00. Williams appeals and asks us to hold that Ark. Stat. Ann. § 19-1605.1 authorizes the recovery of attorney's fees. It reads in part:

> . . . In the event that it is finally determined that there was a wrongful . . . discharge of any Civil Service Employee, such employee shall be entitled to judgment against the city *for whatever loss he may have sustained by reason of . . . discharge . . .* taking into consideration any remuneration which such . . . employee may have received from other sources pending the final determination of his case. [Emphasis added.]

Appellant concedes the general rule is attorney's fees are not recoverable absent statutory authority. However, he argues the word "loss" in the statute includes attorney's fees. We disagree that the General Assembly intended for the generic and relative term of "loss" to have such a meaning.

We have consistently, for many years, held that attorney's fees are not recoverable as an element of damages,

except as specifically authorized by statute.

In *Romer* v. *Leyner,* 224 Ark. 884, 277 S.W. 2d 66 (1955) we discussed our previous decisions and the reasons attorney's fees are not recoverable. They are in the nature of a penalty on litigation.

We have not ruled directly on the meaning of "loss" but we did, in a similar case, refer it back to the trial court for a determination of "net damages." *Sanders* v. *City of Fort Smith,* 251 Ark. 494, 473 S.W. 2d 182 (1971).

In view of our uniform decisions denying attorney's fees absent statutory authority, and acknowledging the General Assembly has in several instances specifically authorized attorney's fees, we cannot read "loss" to include such a recovery.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.