CITY OF LITTLE ROCK, Arkansas *v.* Timothy QUINN

CA 90-279                          811 S.W.2d 6

Court of Appeals of Arkansas
En Banc
Opinion delivered June 26, 1991
[Supplemental Opinion on Denial of Rehearing June 26, 1991]

*Edward G. Adcock*, for appellant.

*Robert A. Newcomb*, for appellee.

JOHN E. JENNINGS, Judge. Timothy Quinn was fired by the Little Rock Chief of Police for using excessive force against a suspect. The Civil Service Commission upheld the discharge, but on appeal the ciurcuit court reversed and ordered Quinn reinstated with back pay.

The city appealed to this court and Quinn cross-appealed, contending that the court erred in declining to award him attorney's fees. In an unpublished opinion delivered May 1, 1991, we affirmed on both direct and cross-appeal.

Quinn has now filed a petition for rehearing, contending that the supreme court's recent deicsion in *City of Fort Smith* v. *Driggers*, 305 Ark. 409, 808 S.W.2d 748 (1991), should cause us to alter our decision. We deny the petition.

In our original opinion we said:

> On cross-appeal, appellee argues that the trial court erred in failing to award him an attorney's fee. Clearly, under prior law the trial court was without authority to award attorney's fees in such a case. *Williams* v. *Little Rock Civil Serv. Comm'n*, 266 Ark. 599, 587 S.W.2d 42 (1979). Appellee argues, however, that the award of an attorney's fee is authorized by Ark. Code Ann. § 16-22-308 (Supp. 1989), which provides in part:

> > In any civil action to recover. . . for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

> We do not think that this proceeding will fit within the language of the statute. Quinn did not bring a civil action against the city to recover for breach of contract; rather, he filed an appeal from a decision of the Little Rock Civil Service Commission which had upheld the termination of

his employment. Although it is true that in *City of Fayetteville* v. *Bibb*, 30 Ark. App. 31, 781 S.W.2d 493 (1989), we held that an attorney's fee could be awarded against the city under Ark. Code Ann. § 16-22-308, in *Bibb* the *action* fell within the language of the statute.

*Driggers* was like *Bibb*, in that the employee brought a civil action against the city that employed him. Here, Quinn appealed from a decision of the Civil Service Commission. Again, this proceeding does not fit within the language of the statute. Even if the statute could be extended beyond its literal language by means of a liberal construction to apply to the facts here, we could not so extend it. In *Williams* v. *Little Rock Civil Serv. Comm'n*, the court said "We have consistently, for many years, held that attorney's fees are not recoverable as an element of damages, except as *specifically* authorized by statute." (Emphasis added.) 266 Ark. at 600, 601, 587 S.W.2d at 43; *see also*, *Hall* v. *Thompson*, 283 Ark. 26, 669 S.W.2d 905 (1984). Statutes in derogation of the common law are not liberally construed or extended beyond their express language by logic or analogy; indeed, the supreme court has long held that they are to be given a strict construction. *See Wright* v. *Wright*, 248 Ark. 105, 449 S.W.2d 952 (1970).

Petition denied.

ROGERS, J., would grant.