Frankie HALL *v.* KINGSLAND SCHOOL DISTRICT

CA 96-499                                        938 S.W.2d 571

Court of Appeals of Arkansas
Division IV
Opinion delivered February 26, 1997

*Mitchell, Blackstock & Barnes,* by: *Marcia Barnes* and *L. Randolph Mano,* for appellant.

*Laser, Wilson, Bufford & Watts, P.A.,* by: *Alfred Angulo, Jr.,* for appellee.

ANDREE LAYTON ROAF, Justice. This is an Arkansas Teacher Fair Dismissal Act ("TFDA") case. The appellant, Frankie Hall, was informed by the appellee, Kingsland School District ("School District"), that her contract as an elementary principal would not be renewed for the 1993–94 school year. Pursuant to the TFDA, Hall requested a hearing before the school board, in which the board upheld the decision not to renew her contract. Because the hearing was not scheduled within the time required by the TFDA, the trial court granted Hall's appeal and petition for writ of mandamus, and ordered reinstatement plus back pay and benefits. Hall appeals only from the trial court's failure to award attorneys' fees. We reverse and remand.

Because the School District does not appeal from the trial court's ruling in favor of Hall, we need not further recite the facts leading up to the nonrenewal of Hall's contract. In the notice of appeal and petition for writ of mandamus filed by Hall in the circuit court of Cleveland County, she asked that the trial court order the School District to issue her a contract for the 1993–94 school year, because the untimely scheduling of the review hearing violated the TFDA and the School District's personnel policies. Hall also asked for back pay, matching social security and teacher retirement benefits, and requested attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1994). Hall's motion for summary judgment was granted by the circuit judge, who ordered reinstatement, back pay, and benefits. Hall then filed a motion seeking attorneys' fees pursuant to § 16-22-308. The trial court found that because the proceeding was brought pursuant to the TFDA, which made no provision for attorneys' fees, the motion should be denied. Hall's sole point on appeal is that the trial court erred in finding that the TFDA's failure to mention attorneys' fees prohibits consideration of an award of fees to the prevailing party.

Hall concedes that the TFDA does not expressly provide for the award of attorneys' fees; however, she contends that

such an award is permissible under Ark. Code Ann. § 16-22-308, which provides in pertinent part:

> In any civil action to recover on . . . [a] contract . . . for labor or services, or for breach of contract . . . the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This court has recently decided this issue in Hall's favor, in *Junction City School Dist. v. Alphin* 56 Ark. App. 61, 938 S.W.2d 239 (1997). In *Alphin*, we reversed the trial court's disallowance of attorneys' fees to a teacher who prevailed in an action brought pursuant to the TFDA, where the disallowance was based on the same reason articulated by the trial court in Hall's case. In so holding, we applied two cases decided by our supreme court, and stated that:

> [a]n action brought pursuant to the Fair Dismissal Act is both a civil action and "a claim for 'labor or services'" within the meaning of Ark. Code Ann. § 16-22-308, the general statute authorizing attorney's fees. *Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995); *City of Ft. Smith v. Driggers*, 305 Ark. 409, 808 S.W.2d 748 (1991). The supreme court held in *Driggers* that the subject matter of the underlying litigation is solely dispositive of whether Ark. Code Ann. § 16-22-308 may be invoked.

*Id.*

Although Hall concedes that the award of attorneys' fees is discretionary, *see, e.g., Chrisco v. Sun Indus. Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), here, the trial court did not exercise its discretion when it declined to award Hall attorneys' fees. A clearly erroneous application of the law is a manifest abuse of discretion. *Little Rock Waste Water Util. v. Larry Moyer Trucking*, 321 Ark. 303, 902 S.W.2d 760 (1995). Because this court has determined that attorneys' fees are recoverable in a TFDA action, pursuant to Ark. Code Ann. § 16-22-308, we reverse and remand this case to the trial court to determine if an award of fees is warranted.

Reversed and remanded.

ROBBINS, C.J., and NEAL, J., agree.