Patricia LOVE *v.* SMACKOVER SCHOOL DISTRICT and Terry Lee, Jeff Rogers, Juanita Corley, Jerry Hegwood, and Lynn Bradley, In Their Official Capacity as Members of the Smackover School District Board of Directors

97-20                                                   946 S.W.2d 676

Supreme Court of Arkansas
Opinion delivered June 9, 1997

*Mitchell, Blackstock & Barnes*, by: *Marcia Barnes*, for appellant.

*W. Paul Blume*, for appellees.

DONALD L. CORBIN, Justice. This is an appeal by Appellant Patricia Love of the order by the Union County Circuit Court denying the award of attorney's fees in her case against Appellee Smackover School District involving the Teacher Fair Dismissal Act of 1983, Ark. Code Ann. §§ 6-17-1501 to -1510 (Repl. 1993). This is the second appeal of this case. In the first appeal, this court reversed the trial court's ruling that Appellant was not a "teacher" as contemplated by the Act and remanded the case to determine the amount of compensation to which she was entitled. *Love v. Smackover Sch. Dist.*, 322 Ark. 1, 907 S.W.2d 136 (1995). Jurisdiction of this appeal is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(10) (as amended by *per curiam* July 15, 1996).

Pursuant to this court's mandate, the Union County Circuit Court held a hearing on June 19, 1996, to determine Appellant's

damages pursuant to the mandate. The trial court ruled that Appellant was entitled to judgment against Appellee for $6,893.36 plus interest. The trial court also granted Appellant reinstatement as a half-time teacher for the 1996-97 school year. Appellant requested attorney's fees, but the trial court denied her request holding that such fees are not authorized under the Teacher Fair Dismissal Act, referring to the trial court's previous decisions in other Teacher Fair Dismissal act cases as well as the recent decision of *Piggee v. Jones*, 84 F.3d 303 (8th Cir. 1996). In *Piggee*, the United States Court of Appeals, Eighth Circuit, held that a violation of the Teacher Fair Dismissal Act was not a breach of contract claim for which attorney's fees may be awarded under Ark. Code Ann. § 16-22-308 (Repl. 1994).

The sole issue presented by this appeal is whether attorney's fees are available in an action brought under the Teacher Fair Dismissal Act as contemplated by section 16-22-308. We conclude that attorney's fees are available and we reverse the ruling of the trial court and remand this case to determine whether in this instance attorney's fees are warranted.

The American rule, which is the rule observed in Arkansas, is that attorney's fees are not chargeable as costs in litigation unless specifically permitted by statute. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990); *Millsap v. Lane*, 288 Ark. 439, 706 S.W.2d 378 (1986); *see Hall v. Thompson*, 283 Ark. 26, 669 S.W.2d 905 (1984); *Harper v. Wheatley Implement Co., Inc.*, 278 Ark. 27, 643 S.W.2d 537 (1982). Section 16-22-308 provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This court has previously determined that an action brought pursuant to the Teacher Fair Dismissal Act is a civil action within the meaning of section 16-22-308. *Sosebee v. County Line*

*Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995). Likewise, a claim for "labor or services" is within the meaning of the statute and attorney's fees are allowed for such claim under section 16-22-308. *City of Fort Smith v. Driggers*, 305 Ark. 409, 808 S.W.2d 748 (1991). In reliance upon those two decisions, the court of appeals recently determined that the subject matter of the underlying litigation is solely dispositive of whether section 16-22-308 may be invoked. *Junction City Sch. Dist. v. Alphin*, 56 Ark. App. 61, 938 S.W.2d 239 (1997). In *Alphin*, the court of appeals reversed the trial court's disallowance of attorney's fees to a teacher who prevailed in an action brought pursuant to the Teacher Fair Dismissal Act, where the disallowance was based on the Act's omission of a procedure to award attorney's fees.

Similarly, in *Hall v. Kingsland Sch. Dist.*, 56 Ark. App. 110, 938 S.W.2d 571 (1997), the court of appeals determined that the trial court failed to exercise discretion to either award or deny attorney's fees and reversed and remanded to determine whether fees were warranted. In that case, the trial court had found that because the proceeding was brought pursuant to the Teacher Fair Dismissal Act, which makes no specific provision for attorney's fees, the motion for attorney's fees should be denied. The teachers argued on appeal that the trial court erred in finding that the Act's failure to mention attorney's fees prohibits consideration of an award of fees to the prevailing party. The court of appeals held that while the Act does not expressly provide for the award of attorney's fees, an award is nonetheless permissible under section 16-22-308.

In the first appeal of the present case, this court determined that Appellant had a written contract with the school board which entitled her to rights under the Teacher Fair Dismissal Act. *Love*, 322 Ark. 1, 907 S.W.2d 136. We now determine that actions brought pursuant to that Act are actions in contract for labor or services such that attorney's fees may be awarded by the trial court pursuant to section 16-22-308, the general statute authorizing attorney's fees. We further conclude that the Eighth Circuit's decision in *Piggee*, decided before this court had definitively spoken on this issue, was an erroneous interpretation of this State's law.

■ Although the award of attorney's fees is discretionary, *see, e.g., Chrisco,* 304 Ark. 227, 800 S.W.2d 717, here, the trial court did not exercise its discretion when it declined to award Appellant attorney's fees. Because we conclude that attorney's fees are recoverable in a Teacher Fair Dismissal Act action, we reverse and remand this case to the trial court to determine if an award of attorney's fees is warranted.