T&T CHEMICAL, INC. *v.* Sharon PRIEST,
Secretary of State for the State of Arkansas,
and Jimmie Lou Fisher, Treasurer for the
State of Arkansas

02–286                                    95 S.W.3d 750

Supreme Court of Arkansas
Opinion delivered January 23, 2003

*Trammell Rogers, PLC,* by: *Gill A. Rogers,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Timothy G. Gauger* and *Jeff R. Priebe,* Ass't Att'ys Gen., for appellees.

RAY THORNTON, Justice. This is an interlocutory appeal from the trial court's denial of a petition for certification under the provisions of Rule 23 of the Arkansas Rules of Civil Procedure. On November 30, 1999, appellant, T&T Chemical, Inc. ("T&T"), brought an action against appellees, Sharon Priest, Secretary of State, and Jimmie Lou Fisher, State Treasurer, alleging that appellees wrongfully collected a six-dollar increase in the annual corporate franchise tax from T&T and similarly situated taxpayers for 1993 and subsequent years. That case is still pending before the trial court as an action for an alleged illegal exaction.

■ ■ With regard to the underlying action for an illegal exaction, we note that taxpayers who are the victims of an illegal exaction form a class as a matter of law under Article 16, Section 13, of the Arkansas Constitution. *Frank v. Barker,* 341 Ark. 577, 20 S.W.3d 293 (2000). An illegal-exaction claim is by its nature in the form of a class action. *Hamilton v. Villines,* 323 Ark. 492, 915 S.W.2d 271 (1996). Here, the existence of the class based upon the illegal-exaction clause of our constitution does not depend upon, or require certification under, the provisions of Rule 23. We recently held in *Worth v. City of Rogers,* 351 Ark.

183, 89 S.W.3d 875 (2002), that "although an illegal-exaction case is a class action, it is not a class action established under Rule 23." *Id.*

Notwithstanding its status as a taxpayer plaintiff in an illegal-exaction action with its attendant class of similarly situated taxpayers, T&T sought to invoke the provisions of Rule 23, and petitioned for additional certification as the class representative pursuant to the provisions of Rule 23. Following a hearing in which T&T failed to produce any evidence upon which such a Rule 23 certification could be based, the trial court denied the petition for Rule 23 certification, and T&T brings this interlocutory appeal, contending that the trial court erred in failing to certify the existence of a Rule 23 class as a matter of law.

T&T argued to the trial court that Rule 23 is applicable to this case, and that T&T satisfied the prerequisites for certification by meeting all requirements of Rule 23(a) and (b). In this appeal, T&T now contends that its status as a plaintiff in an illegal exaction case should automatically entitle it to certification as a class representative under Rule 23. T&T did not present this argument to the trial court, but specifically asserted that Rule 23 was applicable and that T&T met the requirements of the rule. The trial court denied the Rule 23 certification, but did not deny or otherwise rule against T&T's continuing status as a taxpayer in an illegal exaction action with its attendant class of similarly situated taxpayers.

In this interlocutory appeal, T&T relies upon arguments that were not presented to the trial court. In its petition to the trial court seeking certification under Rule 23, T&T stated:

> The class of taxpayers previously described meets all requirements of Rule 23(a). Furthermore, the questions of law and fact at issue in the case at bar are common to all members of the class previously described and predominate over any possible questions affecting only individual members of the class. As such, a class action is superior to other available methods for the fair and efficient adjudication of the issues and controversies raised by this suit and thus certifiable under Rule 23(b) of the Arkansas Rules of Civil Procedure.

4. The named plaintiff, T&T, represents the type of taxpayer who has been, and will be, subjected to the payment of illegal franchise fees in question and has claims that are typical of the claims of all class members. T&T will fairly and adequately protect the interest of all class members, and is qualified to prosecute this action to a conclusion. As such, it should be allowed to proceed as the named plaintiff on behalf of all other class members.

T&T then asserted in its motion that subsection (c) of Rule 23 was not applicable because, according to appellant, no notice was required.

By a letter dated August 21, 2001, the trial court notified the parties that it would conduct a hearing on October 30, 2001, on the motion to certify T&T as the representative of the class. At the scheduled hearing, the trial court afforded T&T an opportunity to present evidence supporting its petition for certification under the provisions of Rule 23, but T&T was not present at the certification hearing. Moreover, counsel for T&T did not offer any witnesses, documents, or other evidence to support its contested motion for certification under Rule 23.

■ At the trial level, T&T never advanced the argument that the provisions of Rule 23 were inapplicable to illegal-exaction cases. To the contrary, T&T argued to the trial court that it fully met the requirements of Rule 23. It is well settled that to preserve an issue for appeal, the trial court must be apprised of the particular error alleged. *Grandjean v. Grandjean*, 315 Ark. 620, 869 S.W.2d 709 (1994). An appellant may not change the basis for its arguments or raise issues for the first time on appeal. *Id.*

■ Here, however, we have said numerous times that taxpayers in an illegal exaction lawsuit constitute a class as a matter of law. *Frank, supra.* Accordingly, an appeal from a refusal to grant Rule 23 certification of a class in an illegal-exaction case is not a proper basis for an interlocutory appeal under Ark. R. App. P.—Civ. 2(a)(9) because the taxpayers are already a class under Article 16, Section 13, of the Arkansas Constitution. We hold that there is no interlocutory appeal from a refusal to certify a Rule 23 class in an illegal-exaction case, but only from a refusal to certify a class in a civil action brought pursuant to Rule 23, and

we dismiss the appeal for lack of jurisdiction. To the extent that *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982), can be read to require the application of Rule 23 to an illegal exaction lawsuit, we overrule it.

Accordingly, we dismiss this interlocutory appeal from the trial court's decision denying certification under Rule 23, and remand the case to the trial court for further proceedings as an action for an illegal exaction under the provisions of Article 16, Section 13, of the Arkansas Constitution.