CITY OF WEST HELENA; Johnny Weaver, Individually and
in His Official Capacity as Mayor of the City of West Helena,
Arkansas; Ernest Simpson, Dana Flowers, Marvin Jarrett, Larry
Wilson, Howard Taylor, Gail Mundt, Robert Gaston, and Louis
O'Neal, Each Individually and in Their Official Capacity as
City Councilmen for the City of West Helena, Arkansas,
*v.* Connie SULLIVAN

02-1154                                    108 S.W.3d 615

Supreme Court of Arkansas
Opinion delivered May 29, 2003

*Don Trimble*, for appellants.

*Etoch & Halbert Law Firm*, by: *Charles Halbert, Jr.*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The City of West Helena, along with the members of the West Helena City Council, and the City's mayor, bring this interlocutory appeal from the circuit court's grant of class certification under Rule 23 of the Arkansas Rules of Civil Procedure. *See* Ark. R. App. P.—Civ. 2(a)(9) (2003). Because the action brought against the City is an illegal-exaction suit, it is a constitutionally created class action as a matter of law. Pursuant to our recent holding in *T&T Chemical, Inc. v. Priest*, 351 Ark. 537, 95 S.W.3d 750 (2003), we dismiss the appeal for lack of jurisdiction.

On June 7, 1999, the West Helena City Council held a special meeting to consider whether it should start its own sanitation department — a topic of some disagreement among the council members and particularly between council member Betty Jo Dial and Mayor Johnny Weaver. Mayor Weaver's attempt to call for a roll-call vote to authorize the purchase of equipment led to a heated discussion, the content of which was disputed. Following that meeting, Mayor Weaver executed an affidavit seeking a warrant for the arrest of Dial on charges of terroristic threatening, harassment, and disorderly conduct. Upon issuance of the warrant, Dial was arrested, and her trial was set for September 3,

1999. Prior to trial, the prosecutor *nolle prossed* the criminal charges against Dial.

On October 2, 2000, Dial filed suit against Mayor Weaver in federal court alleging that the mayor knowingly made false statements in his affidavit for an arrest warrant, and in so doing, violated her civil rights, caused her arrest without probable cause, maliciously prosecuted her for exercising her First Amendment right to free speech, and denied her due process. The federal court case proceeded to trial on November 8, 2001. After the jury returned a verdict in favor of Dial on the issue of liability, but before further proceedings on the issue of damages, the parties agreed to settle the case for the sum of $50,000. Five days later, the City Council refused to formally appropriate the money to settle the case. On December 12, 2001, Dial filed an amended complaint seeking to enforce the settlement.

On January 17, 2002, Connie Sullivan filed the instant suit against the City of West Helena; Johnny Weaver, individually and as mayor of West Helena; and the members of the West Helena City Council, individually and in their official capacity as council members. Sullivan filed the action "as a representative of a class of similarly situated taxpayers, pursuant to the provisions of Article 16, Section 13, of the Arkansas Constitution and Arkansas Rules of Civil Procedure 23 . . . ." The complaint alleges that the City improperly paid Mayor Weaver's legal fees in the federal court case. Sullivan's illegal-exaction claim seeks to have Mayor Weaver repay the City the sum of $17,180.52 that the City paid to various attorneys for legal services rendered to Mayor Weaver. On August 26, 2002, the Phillips County Circuit Court entered an order granting Sullivan's motion for class certification under Rule 23. The City of West Helena, Mayor Weaver, and the members of the West Helena City Council, appellants herein, filed a timely notice of an interlocutory appeal pursuant to Ark. R. App. P.—Civ. 2(a)(9) (2003).

The appellants' sole point on appeal is that the circuit court abused its discretion in granting Sullivan's motion to certify the class under Rule 23 of the Arkansas Rules of Civil Procedure because the circuit court's order did not explain in detail the court's reasons for granting certification. As a threshold matter,

we must determine whether this appeal is properly before us. We conclude that it is not.

■ Sullivan brought this suit as an illegal exaction under Article 16, section 13, of the Arkansas Constitution. We recognize two types of illegal-exaction suits: "public funds" cases and "illegal tax" cases. *Pledger v. Featherlite Precast Corp.*, 308 Ark. 124, 823 S.W.2d 852 (1992). A "public funds" case involves the prevention of a misapplication of public funds or the recovery of funds wrongfully paid to a public official, and taxpayers are entitled to broad relief. *Id.* We have previously recognized that the recovery of an unauthorized payment of attorney's fees from public funds is an appropriate illegal-exaction claim. *Hall v. Thompson*, 283 Ark. 26, 669 S.W.2d 905 (1984). In the instant case, Sullivan alleges that Mayor Weaver improperly obtained payment from the City for attorney's fees incurred in defending the federal lawsuit filed by Betty Jo Dial. Thus, we conclude that the instant case is a "public funds" illegal-exaction suit.

■ ■ A series of recent cases has addressed the issue of whether a Rule 23 analysis is appropriate where the class comprises a group of similarly situated taxpayers under Article 16, section 13, of the Arkansas Constitution. In 2002, we summarized a long line of cases and concluded that an illegal-exaction claim is, by its nature, in the form of a class action that arises as a matter of law. *Worth v. City of Rogers*, 351 Ark. 183, 89 S.W.3d 875 (2002). All similarly situated taxpayers are automatically members of the class, and are bound by the judgment in the illegal-exaction suit. *Id.* In other words, an illegal-exaction suit is a constitutionally created class of taxpayers, and the suit is brought for the benefit of all taxpayers. *Id.* Even more recently, we considered whether a circuit court could deny class certification in an illegal-exaction case where the taxpayer-plaintiff failed to present evidence supporting its petition for class certification under Rule 23. *T&T Chemical, Inc. v. Priest*, 351 Ark. 537, 95 S.W.3d 750 (2003). We held that the existence of a class based upon the illegal-exaction clause of our constitution does not depend upon, or require, certification under the provisions of Rule 23. *Id.* We dismissed the appeal and overruled this court's previous decision in *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1992), to the extent that it can be read to require the application of Rule 23 in an illegal-exaction suit. *Id.*

■ The instant case is an illegal-exaction suit to recover public funds alleged to have been paid improperly to a public official. As such, the taxpayers are already a class under Article 16, Section 13, of the Arkansas Constitution. We therefore hold, as we did in *T&T Chemical, supra*, that an appeal from a Rule 23 class-certification order in an illegal-exaction case is not a proper basis for an interlocutory appeal under Ark. R. App. P.—Civ. 2(a)(9) ("An order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure[.]"). Accordingly, we dismiss this interlocutory appeal.

Appeal Dismissed.

CORBIN, J., not participating.