Gregory Scott CARR  *v.*  Anne Douglas MILLAR &
John P. Millar

CA 03-1183                                                    184 S.W.3d 470

Court of Appeals of Arkansas
Division II
Opinion delivered May 26, 2004

*The Law Office of Pat Marshall, P.A.*, by: *Pat Marshall*, for appellant.

*James Law Firm*, by: *Patricia A. James*, for appellee.

LARRY D. VAUGHT, Judge. Appellant Gregory Carr appeals the dismissal of his petition to set aside the adoption of his two biological children, arguing that the trial court erred (1) in ruling that he was barred from seeking to set aside the adoption decree because the one-year time period set forth in Ark. Code Ann.

§ 9-9-216(b) (Repl. 2002) had expired, and (2) in refusing to allow him to go forward with proof that the adoption decree was procured by fraud. We affirm.

Carr and appellee Anne Douglas Millar were divorced on April 19, 1995. Millar was granted custody of the couple's two minor children. In March 2001, Millar presented Carr with two documents, a consent to adoption and a proposed visitation contract. Millar allegedly threatened Carr with criminal prosecution for failing to pay child support in a timely manner if he did not sign the consent to adoption and told him that nothing would change relative to his rights to see his children. Carr signed the consent to adoption on March 31, 2001, and a decree of adoption was entered on May 7, 2001, allowing appellee John Millar, whom Anne Millar had married, to adopt Carr's children.

Subsequent to the adoption, Carr initially continued his regular visitation with the children, generally for six hours every other Saturday. He also had the children for the Christmas holiday in 2001. Carr remarried on September 23, 2002, and the Millars subsequently restricted his visitation with the children. Carr claims he saw them one Saturday in February 2003 and occasionally was allowed to talk to them on the telephone.

On March 27, 2003, Carr filed a petition to set aside the May 7, 2001 adoption decree, alleging fraud on the court in the procurement of the consent and that there had been no change in "custody" on his part. At the hearing on the matter, the trial court initially addressed the statute-of-limitations issue, and ruled that Carr failed to prove that Mr. Millar, as the petitioner for adoption, had not assumed custody of the two children after the decree of adoption was entered, and that accordingly the one-year time period set forth in Ark. Code Ann. § 9-9-216(b) barred his claim to set aside the decree of adoption. Carr objected to the trial court not allowing him to present additional evidence of the alleged fraud. An order entered in the proceeding on August 4, 2003, dismissed Carr's petition to set aside the adoption with prejudice. Carr filed a timely notice of appeal on August 7, 2003.

■ We review probate matters de novo and will not reverse probate findings of fact unless they are clearly erroneous. *McAdams v. McAdams*, 353 Ark. 494, 109 S.W.3d 649 (2003); *Morton v. Patterson*, 75 Ark. App. 62, 54 S.W.3d 137 (2001). A finding is clearly erroneous when, although there is evidence to support it, we are left on the entire evidence with the firm

conviction that a mistake has been committed. *Morton, supra.* We also defer to the superior position of the lower court sitting in a probate matter to weigh the credibility of the witnesses. *McAdams, supra.*

*I. Whether the trial court erred in ruling that Carr was barred from seeking to set aside the adoption decree because the one-year time period set forth in Ark. Code Ann. § 9-9-216(b) had expired.*

■ Arkansas Code Annotated section 9-9-216(b) provides:

> (b) Subject to the disposition of an appeal, upon the expiration of one (1) year after an adoption decree is issued, the decree cannot be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period.

Carr's argument that the adoption should be set aside because custodial circumstances did not change after the entry of the adoption is misplaced. The question of whether an adoptive parent has "taken custody" is one of fact. *See Wunderlich v. Alexander*, 80 Ark. App. 167, 92 S.W.3d 715 (2002). Carr argues that he never gave up "custody" of the children because he maintained visitation pursuant to the court order on the books and continued to exercise the typical bundle of rights involved in a non-custodial parental relationship between a divorced father and his children. He claims that nothing changed because the children already lived with the Millars subsequent to their marriage but prior to the adoption.

■ This case is distinguishable from *Wunderlich, supra*, where we affirmed a trial court's finding that adoptive parents had not taken custody of the child where the child and the natural mother continued to live with the adoptive (grand)parents and the natural mother continued to exercise all parental rights as before. The trial court in this case correctly focused on whether Mr. Millar, as the adoptive parent, had taken custody of the children. It found that in addition to physical custody being with the Millars, Mr. Millar had also assumed parental duties with regard to the

children and exercised parental rights, decisions, and care. Carr's petition to set aside the adoption was filed approximately one year, ten months, and twenty days after the final adoption order was entered and is therefore time barred by Ark. Code Ann. § 9-9-216(b). We affirm on this point.

*II. Whether the trial court erred in refusing to allow Carr to go forward with proof that the adoption decree was procured by fraud.*

■ Carr alleges that the trial court should have allowed him to put on additional evidence regarding the fraud he claims was committed against him by the Millars. Although Ark. Code Ann. § 9-9-216(b) provides that the statute bars setting aside a decree upon any ground, "including fraud," it is recognized that an adoption decree can be set aside, even after one year, if fraud upon the court is alleged and proved. This standard was set forth by the supreme court in *McAdams, supra,* 353 Ark. at 499, 109 S.W.3d at 652, which stated that:

> [T]he law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself.

■ Carr argues on appeal that Ark. R. Civ. P. 60, which addresses relief from a judgment, was amended in 2000, and the amendment eliminates the distinction between intrinsic and extrinsic fraud. However, he did not raise this argument below, and it was not considered by the trial court. An appellant may not change the basis for his or her arguments or raise issues for the first time on appeal. *T & T Chem., Inc. v. Priest,* 351 Ark. 537, 95 S.W.3d 750 (2003). Because Carr failed to properly preserve his amended Rule 60 argument, we do not consider it on appeal. However, even if the amended Rule 60 had been raised below, there is no indication that the supreme court would apply the general rule on judgments in light of specific case law requiring a more stringent standard in adoption cases. *See McAdams, supra.*

■ Carr testified at length regarding the circumstances surrounding the execution of the consent to adoption and visitation agreement, including Ms. Millar's apparent motivation and

tactics. He also testified that in the fall of 2002 he announced to Ms. Millar or to the children that he planned to remarry and "that's when things really kind of changed"; however, in his brief he claims visitation stopped because the one year had run. He spoke at length about his concern that his probation would be revoked because of being behind in child support and that he waited until his probationary period was complete before pursuing any action in this matter. It is questionable what additional evidence of fraud he could have presented that was not introduced at the hearing. Moreover, on appeal he alleges no fraud that would qualify as fraud upon the court in the procurement of the judgment. At most, he has alleged intrinsic fraud leading to his signing of the adoption consent. Absent a proffer of any evidence of extrinsic fraud, there was no error in denying his petition to set aside the adoption.

Because Carr failed to file his petition to set aside the adoption decree until well after the one-year time period had expired, failed to properly raise the issue regarding the amendment to Ark. R. Civ. P. 60 below, and because no evidence of extrinsic fraud was raised or proffered, we affirm the denial of his petition.

Affirmed.

BIRD and CRABTREE, JJ., agree.