The Honorable Buddy Lovell State Representative
201 West Riverside Drive Marked Tree, Arkansas 72365-2014
The Honorable David Burnett State Senator
900 Hale Osceola, Arkansas 72730
Dear Representative Lovell and Senator Burnett:
You have requested my opinion on whether the board of directors of a school district may use school funds to pay certain legal fees. You present the following background facts and question:
 [A]n absent board member was voted off the board during a school board meeting. In a lawsuit initiated by him, he won reinstatement. He was reinstated. The school board now wishes to pay for his legal fees up to $10,000. May the school board successfully direct the superintendent and the board secretary/disbursing officer to arrange payment from a school district fund?
RESPONSE
By asking whether the board may "successfully" direct that such a payment be made from a school fund, you essentially ask me to predict the outcome of a court action challenging the payment, should such a challenge be mounted. I cannot predict with certainty how a court would rule on the matter, but in my opinion paying the board member's attorney's fees from a school fund would be constitutionally suspect as an illegal exaction under Ark. Const. art. 16, § 13, or an impermissible diversion of public school funds under Ark. Const. art. 14, § 2. *Page 2 
The general common law rule is that attorney's fees can be awarded in litigation only when authorized by statute.[1] This general rule, also known as the "American Rule," is observed in Arkansas.[2] The Arkansas Supreme Court has also specifically noted the lack of statutory authority in Arkansas for payment of attorney's fees for public officials and employees when they are terminated or charged with criminal offenses.[3] The court has further stated: "Even if a public employee is wrongfully discharged and subsequently ordered reinstated he is not authorized to collect attorney's fees from public funds."[4]
This latter observation led the court in Hall v. Thompson,supra at note 3, to hold that a city's payment of the mayor's legal expenses in defending against certain criminal charges was an illegal exaction.[5] Relying upon the common law rule andHall, one of my predecessors concluded that a school board is neither required nor authorized to pay the legal fees of an employee whose contract was renewed after an initial recommendation of non-renewal and a hearing under the Teacher Fair Dismissal Act.[6]
My predecessor opined as follows after observing that the Teacher Fair Dismissal Act does not authorize the payment of a successful party's legal fees:
 If the board were to pay an employee's legal fees when it is not authorized by statute or compelled by a court to do so, it is my *Page 3 
opinion that such a payment might be challenged as either an impermissible diversion of public school funds under Arkansas Constitution Art. 14, 2, or as an illegal exaction under Arkansas Constitution Art. 16, 13.[7]
I agree with this analysis.[8] Similar to the case of a teacher whose contract is not renewed and who seeks review under the Teacher Fair Dismissal Act, there is no statute authorizing the payment of attorney's fees to a school board member who is removed from the board and who successfully challenges that removal in a court action.[9] I note that a school district is authorized by statute to retain legal counsel to defend lawsuits brought against it or any school official where official duties are at issue.[10] And the court has upheld the use of school funds to pay for attorneys who are under contract to bring actions on behalf of school districts, finding that this is a proper school purpose under Ark. Const. art. 14, § 2.[11] But there is no corresponding authority for paying expenses incurred by a board *Page 4 
member who brings suit against the district to prohibit it from removing him as a board member. Accordingly, payment of such expenses from a school fund would undoubtedly give rise to a "public funds" illegal exaction action. While I cannot predict with certainty that a court would uphold such a challenge, my research indicates that the payment would at best be constitutionally suspect as either an illegal exaction under Ark. Const. art. 16, § 13 or an impermissible diversion of public school funds under Ark. Const. art. 14, § 2.
I recognize that a number of Arkansas Supreme Court cases indicate that when faced with issues involving the use school funds, the court has tended to find a wide range of uses to be permissible under art. 14, § 2 — including, as indicated above, the payment of attorney's fees, provided that some benefit to the schools can be found.[12] But in the few cases involving challenges to the use of school funds to pay attorney's fees, there was some separate basis of authority for the district's payment, apart from Ark. Const. art. 14, § 2. For instance, in MagnoliaSchool Dist. 14, supra at note 12, the court upheld the payment of attorney's fees from a state appropriation for court-ordered desegregation costs.[13] In Board of Education ofLonoke County, supra at note 11, the court upheld a county court order charging attorney's fees against school funds; but in that case the county was obligated by state statute to recover both county and school funds deposited in a failed bank, and the county judge had employed counsel to protect the parties' interests.[14]
No such separate authority supports using school funds to pay attorney's fees in the case at hand. Absent a court order, there appears to be no authority for a school district to pay legal fees incurred by an individual who prevails in an action challenging his removal from the school board. In my opinion, art. 14, §§ 2 and 3 do not provide authority for such payment. Indeed, these constitutional provisions prohibit the use of school funds for non-school purposes, and I believe it might be *Page 5 
successfully contended that paying the individual's attorneys fees in such a case is a non-school purpose.
In sum, while the absence of a decision directly on point prevents a conclusive determination of the matter, it is my opinion that the use of a school district fund to pay the board member's attorney's fees would be constitutionally suspect as an illegal exaction under Ark. Const. art. 16, § 13, or an impermissible diversion of public school funds under Ark. Const. art. 14, § 2.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/EAW:cyh
[1] Love v. Smackover Sch. Dist.,329 Ark. 4, 946 S.W.2d 676 (1997); Williams v. LR Civil ServiceComm'n, 266 Ark. 599, 587 S.W.2d 42 (1979).
[2] See Lakeview School District No. 25 v. Huckabee,340 Ark. 481, 10 S.W.3d 892 (2000) (and cases cited therein).
[3] Hall v. Thompson,283 Ark. 26, 28, 669 S.W.2d 905 (1984).
[4] Id. (citing Williams v. Little Rock Civil ServiceCommission, 266 Ark. 599, 587 S.W.2d 42 (1979)).
[5] 283 Ark. at 29. Article 16, section 13 of the Arkansas Constitution authorizes any taxpayer to bring suit "against the enforcement of any illegal exactions whatever." There are two types of illegal-exaction suits: "public funds" cases and "illegal tax" cases. Pledger v. Featherlite Precast Corp.,308 Ark. 124, 823 S.W.2d 852 (1992). In an "illegal-tax" case, the taxpayer asserts that the tax itself is illegal or contrary to a constitutional or statutory provision. Ghegan v. Weiss,338 Ark. 9, 16, 991 S.W.2d 536 (1999). A "public funds" case involves the prevention of a misapplication of public funds or the recovery of funds wrongfully paid to a public official, and taxpayers are entitled to broad relief. Pledger, supra,308 Ark. at 128. As noted above, the court has recognized that the recovery of an unauthorized payment of attorney's fees from public funds is an appropriate illegal-exaction claim. Hall v.Thompson, supra n. 3. See also City of West Helena v.Sullivan, 353 Ark. 420, 423, 108 S.W.3d 615 (2003).
[6] Op. Att'y Gen. 89-303.
[7] Id.
[8] I should note with regard to the Teacher Fair Dismissal Act,, however, that subsequent to the 1989 Attorney General opinion, the Arkansas Supreme Court held that actions brought pursuant to that Act are actions in contract for labor or services and that attorney's fees may be awarded pursuant to A.C.A. § 16-22-308 (Repl. 2007), which allows attorney's fees in certain civil actions. Love v. Smackover Sch. Dist.,329 Ark. 4, 946 S.W.2d 676 (1997).
[9] In my opinion, the statute that formed the basis for an award of fees in Teacher Fair Dismissal actions,see n. 8, supra, is inapplicable in such a case, as there is no contract for labor or services in the case of a school board member.
[10] A.C.A. § 6-13-623 (Repl. 2007).
[11] See, e.g., Board of Education of Lonoke County v. LonokeCounty, 181 Ark. 1046, 29 S.W.2d 268 (1930). Article 14, section 2, along with Ark. Const. art. 14, § 3, limits school expenditures in general.See Gray v. Mitchell, 373 Ark. 560, 285 S.W.3d 222 (2008). Article 14, section 2 states that "[n]o money or property belonging to the public school fund, or to this State, for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs." Article 14, section 3(b)(3) provides that amounts arising from the statewide uniform property tax "shall be used by the school districts solely for maintenance and operation of schools." The court has interpreted these two provisions as being coextensive, and as limiting the expenditure of school funds to payments that are "both `immediately and directly connected with the establishment and maintenance of a common school system' and `absolutely necessary' for the maintenance and operation of schools." Gray,373 Ark. at 569-570. The court stated that it is for the school board to determine which expenditures are permissible and should be made, and that the court's role "is merely to ensure that school money is not diverted to an unrelated purpose. . . ."Id. at 569. The court further stated that "absolutely necessary" is not intended to be limited to expenditures without which there could be no public schools, but rather means "that which is convenient, useful, appropriate, suitable, proper or conducive to the proper maintenance of the schools."Id. at 568-569.
[12] E.g., Gray v. Mitchell, supra n. 11;Magnolia School Dist. 14 v. Ark. St. Bd. of Educ.,303 Ark. 666, 799 S.W.2d 791 (1990); Rainwater v. Hays,244 Ark. 1191, 428 S.W.2d 254 (1968); Strawn v. Campbell, CountyJudge, 226 Ark. 449, 291 S.W.2d 508 (1956); Board of Educationof Lonoke County v. Lonoke County, supra n. 11.
[13] 303 Ark. at 671.
[14] 181 Ark. at 1053. See also State v. Aven,70 Ark. 291, 67 S.W. 752 (1902) (cited in Board of Education ofLonoke County, upholding payment of attorney's fees from school funds recovered in action on a debt brought by law firm hired by school districts under the districts' statutory authority to contract and to sue).
 *Page 1