
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–845

| | |
|---|---|
| RUBEN E. WATKINS<br><div align="right">APPELLANT</div> | **Opinion Delivered** March 9, 2016 |
| V. | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. CV-2013-170] |
| MICHAEL TURNER AND MEGAN RAMIREZ<br><div align="right">APPELLEES</div> | HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE |
| | AFFIRMED |

### RITA W. GRUBER, Judge

Ruben Watkins appeals the circuit court's June 26, 2015 judgment against him that awarded damages to each of two plaintiffs, Michael Turner and Megan Ramirez (now appellees). Watkins contends that the circuit court committed reversible error (1) by awarding compensatory damages and punitive damages that resulted from a May 8, 2015 default judgment, which was entered as a discovery sanction, and (2) by awarding the default judgment as a discovery sanction. We affirm.

On September 20, 2013, appellees filed a complaint against Watkins for forcible entry and detainer, assault and outrage, conversion, unjust enrichment, and violation of Arkansas and federal Fair Housing Acts. Their complaint was based on the following allegations. Appellees received an assignment of lease for a Paragould residence in August 2012 and, with Watkins's consent as lessor, agreed to pay rent of $600 a month. On November 15, 2012, Watkins and his maintenance man arrived at the residence and told appellees that they must

immediately vacate due to failure to pay rent. Appellees responded that they had not received an eviction notice as required by law. Watkins went to his truck, returned with a Ruger .380 handgun, pointed it at appellees and their young child, and said, "This is your eviction notice." Watson and the maintenance man made derogatory remarks, referring to "coon hunting." Watson directed several racial slurs toward appellee Turner, a person of African American and Indonesian descent, and appellee Ramirez, a person of Hispanic and Native American descent. Appellees called the Paragould Police Department because of the gun threat. Watkins was arrested at the scene and charged with criminal assault but was released from custody the same day. Fearing for their safety, appellees vacated the residence without arrangements to remove some of their larger possessions; Watkins did not release those items. Appellee Ramirez missed one day of work due to the incident. On March 21, 2013, Watkins was convicted in district court of third-degree assault.

On October 28, 2013, Watkins filed a motion for leave to file his answer out of time under Arkansas Rule of Civil Procedure 6(b), a provision that gives the circuit court discretion to accept an answer out of time for good cause shown. The motion recited that Watkins was in poor health at seventy-nine years of age; he had suffered congestive heart failure in the thirty days since service of the complaint, which had required several days' hospitalization; he had been confined to his residence for extended times after being released from the hospital and was dependent on oxygen; and the allegations in appellees' complaint were extensive and required an extensive answer. Watkins also filed an answer to appellees' complaint on October 28, 2013. He denied the allegations that were the basis of each count;

affirmatively pleaded defenses that included a failure to state a claim on which relief could be granted, fraud, laches, unclean hands, and no government action; and prayed that the complaint be dismissed.

On November 6, 2013, appellees responded to Watkins's motion for leave to file answer out of time, requesting that it be denied for lack of "just cause." In the same filing, they moved to strike his answer and moved for a default judgment.

Watkins filed a counterclaim on November 21, 2013, alleging that appellees had voluntarily abandoned the premises after they were asked to vacate for failure to pay rent, and praying for judgment in the amount of unpaid rent.

On February 21, 2014, the circuit court heard the parties' arguments on Watkins's motion for leave to file answer out of time, appellees' response to his motion, and appellees' motions to strike and for default judgment. At the conclusion of the hearing, the court orally granted Watkins's motion for leave to file answer out of time; the record, however, contains no written order reflecting any ruling on the motion.[1]

On November 18, 2014, appellees filed a motion for sanctions under Arkansas Rules of Civil Procedure Rule 37(b)(2), which addresses sanctions for failure to comply with an order for discovery. Under that provision, "the court in which the action is pending may make such orders in regard to the failure as are just." Ark. R. Civ. P. 37(b)(2) (2015).

---

[1]It is clear that a motion for additional time in which to answer a complaint does not extend the time for filing an answer under Arkansas Rule of Civil Procedure 12. *Adams v. Moody*, 2009 Ark. App. 474, at 6–7, 324 S.W.3d 348, 352. The burden is on the movant to obtain a ruling from the trial court, and a failure to do so constitutes a waiver of the motion. *Id*.

Appellees alleged in their motion that as of November 18, 2014—eight months after they had propounded to Watkins interrogatories and requests for production of documents, on February 27, 2014—he had not answered. The motion also alleged that Watkins had not responded to a June 30, 2014 reminder letter to his counsel of the delinquency in answering interrogatories and requests for production; to appellees' August 12, 2014 motion to compel discovery; and to the court's October 30, 2014 order compelling him to produce discovery by November 17, 2014. The motion asserted that Watkins's right to defend should be deemed waived due to his "willful refusal to participate in this litigation." Appellees prayed that the court, as allowed by Rule 37(b)(2)(C), enter an order "striking out pleadings or parts thereof, or . . . rendering a judgment by default against the disobedient party." Alternatively, they prayed under Rule 37(b)(2)(A) for an order that the matters set forth in their complaint "shall be taken to be established" or under −(b)(2)(B) for an order "refusing to allow the disobedient party to support or oppose designated claims or defenses," to include Watkins's counterclaim. *See* Ark. R. Civ. P. 37(b)(2)(A), (B).

By order of January 17, 2015, the court scheduled a May 8, 2015 hearing on appellees' Rule 37 motion for relief. At the hearing, appellees' counsel recounted that Watkins's counsel had not responded to the interrogatories, letter of reminder, order to compel, or Rule 37 motion. Appellees' counsel stated to the court, "I served everything on Mr. Deprow [Watkins's counsel]. . . . The court never signed an order of withdrawal. I am seeking a default judgment as to liability and I would like to set a hearing on damages." The court orally ruled,

SLIP OPINION

Under the circumstances it appears Ruben Watkins has willfully failed and refused to comply with the rules regarding discovery and a prior Order of Court dated October 31, 2014. He should not be allowed to proceed further by way of defense of this matter. I find that as to the issue of liability, Turner and Ramirez are entitled to judgment against Ruben Watkins in an amount to be determined at a further hearing to be held in this case.

The court's May 8, 2015 written order for sanctions included the following:

Pursuant to Arkansas Rule of Civil Procedure 37(b)(2)(A), all facts as set forth in the [appellees'] Complaint shall be deemed established.

Pursuant to Arkansas Rule of Civil Procedure 37(b)(2)(B), [Watkins] is barred from introducing any evidence opposing any of [appellees'] claims or supporting his Counterclaim.

Pursuant to Arkansas Rule of Civil Procedure 37(b)(2)(C), judgment by default should be entered against [Watkins] as to all issues of liability.

The court entered a default judgment against Watkins, dismissed his counterclaim with prejudice, and scheduled a damages hearing for June 9, 2015.

The parties appeared with their respective attorneys at the damages hearing conducted by Judge Melissa Richardson. Pursuant to its previous order for Rule 37 sanctions, the court treated all facts in appellees' complaint as conclusively established and did not consider any evidence by Watkins in opposition of claims. The court then heard testimony and reviewed evidence from the parties about the amount of money damages on each claim. Appellees testified to the events of November 2012 when Watkins ordered them to vacate the residence, used racial slurs, pointed a gun at them, and joked that the police knew they could not do anything to him. They also testified that he changed the locks before they could retrieve their possessions and that he left some of their belongings outdoors, where they became unusable. They testified to monetary damages they had sustained and to

5

how they had otherwise suffered from these events. Watkins, then eighty-one years old, testified that he was in poor health, owned multiple properties, had several bank accounts and cash, was illiterate, and had lost half his property in a divorce four years earlier. He denied pointing a gun at appellees or "stealing their possessions." Watkins's great-grandson testified that he tried to help his great-grandfather, who was in poor health and illiterate and no longer knew what he owned because he had quit caring after the divorce.

At the conclusion of the hearing, the court found that Watkins's conduct warranted imposition of damages and found appellees' evidence to be credible and compelling in several instances. The court orally stated,

> I want to make very clear that the Court is required, under Arkansas law, based upon the order that was entered on May 8, 2015, to accept as true the facts and circumstances set forth in [appellees'] complaint. And Honorable David Laser, On May 8, 2015, adjudged that [appellees] would have a judgment by default against . . . Watkins. That [Watkins] is barred from introducing any evidence opposing any of [appellees'] claims or supporting his own counterclaim. All facts as set forth in [appellees'] complaint shall be deemed established. I want to make very clear that the starting point, in this court's analysis, is that [I] must take as true the facts alleged in the . . . complaint.

> If I take those facts as true, which I am required to do, I find that those facts are absolutely appalling. Under Arkansas law and in this courtroom, indignation is put aside. I am required to apply Arkansas law. Everyone that steps into this courtroom is on equal footing under Arkansas law. Racial prejudice or bias will not be tolerated under Arkansas law, in this courtroom.

The court found that appellees were entitled to compensatory and punitive damages on the counts of forcible entry and detainer, assault and outrage, conversion, unjust enrichment, and fair-housing violations.

The court entered a June 26, 2015 judgment on damages, reiterating its oral findings.

On the charge of forcible entry and detainer, the court awarded $1,200 liquidated damages—two months' rental value—to be split by appellees. On assault, it awarded $3,000 to each appellee for the fright and horror resulting from Watkins's extreme and outrageous conduct. On conversion, it awarded $5,620 as the fair market value of their belongings, the amount to be split evenly between appellees. It awarded each appellee $2,500 for humiliation, shame, fear, and anxiety resulting from Watkins's discriminatory conduct. Finding by clear and convincing evidence that punitive damages were warranted for the fair-housing violation due to Watkins's willful and malicious conduct and that those punitive damages would serve to punish him for his conduct and to deter others from pursuing a similar course, the court awarded $10,000 to each appellee. From this order, Watkins timely appealed.

In his first point on appeal, Watkins contends that the circuit court erred by awarding compensatory damages and punitive damages resulting from the previous default judgment entered as a discovery sanction. He argues that the award of liability for compensatory and punitive damages for his failure to respond amounts to double punishment. Watkins complains that he was not allowed to controvert any allegations of the complaint—including his purported acts of willful and deliberate intimidation and discrimination—that were deemed completely true at the damages hearing and were the impetus for punitive damages. He likens his case to *Tricou v. ACI Management, Inc.*, 37 Ark. App. 51, 823 S.W.2d 924 (1992), where we reversed an award of punitive damages resulting from intentional and fraudulent misrepresentations during contract negotiations.

It is well settled that to preserve an issue for appeal, the trial court must be apprised of

SLIP OPINION

the particular error alleged. *T&T Chem. v. Priest*, 351 Ark. 537, 540, 95 S.W.3d 750, 752 (2003). We will not address arguments raised for the first time on appeal; likewise, if a particular theory is not presented at trial, the theory will not be reached on appeal. *Ouachita Wilderness Inst., Inc. v. Mergen*, 329 Ark. 405, 413–14, 947 S.W.2d 780, 785 (1997). Here, we summarily dispose of Watkins's double-punishment argument because the abstract does not reflect that it was presented to or ruled on by the circuit court.

Were we to address Watkins's arguments regarding punitive damages, we would still affirm. Here, the court—unlike the trial court in *Tricou*—specifically found that Watkins exhibited willful and malicious conduct warranting punitive damages. He was assessed punitive damages for his actions on November 15, 2012, not for his later failure to provide discovery.

In his second point on appeal, Watkins contends that the circuit court committed reversible error by awarding a default judgment as a discovery sanction. The trial court is given wide latitude to determine the severity of sanctions. *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998). The granting of sanctions for discovery violations will not be overturned absent a finding of an abuse of discretion. *Matthews v. Matthews*, 2009 Ark. App. 400, 322 S.W.3d 15.

Again, we will not address an argument not raised to the trial court. Watkins did not respond to appellees' November 2014 motion for Rule 37 relief and request for a default judgment. He did not appear at the May 2015 hearing, at which the default judgment was granted, to contest the motion. He did not move to set aside the default judgment, and he

did not contest it at the damages hearing. The first time he argues that the default judgment was improper is in his appellate brief. He is precluded from presenting this issue on appeal because he never presented his argument to the circuit court, and we will not address it on appeal.

Were we to address the granting of the default judgment, we also would affirm. Arkansas Rule of Civil Procedure 37(a)–(c) clearly allows a trial court to impose severe sanctions, which include a default judgment, for discovery violations. The circuit court entered its default judgment after Watkins had failed to answer two motions, ignored the court's order to compel discovery, and failed to attend a hearing. At the time of the default judgment, the requested discovery was nearly eighteen months overdue. The court found that Watkins had "willfully failed and refused to comply with the rules regarding discovery and a prior order of this court." He was represented at all times in this litigation by an attorney, who was fully aware of the sanctions requested. Watkins presents no convincing argument that his age and health problems warranted further warning of the possibility of severe sanctions.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Branch, Thompson, Warmath & Dale, P.A.*, by: *Adam H. Butler*, for appellant.

*Jason Auer*, Legal Aid of Arkansas, Inc., for appellees.

SLIP OPINION